[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 823 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 824 
These two petitions for writs of mandamus have been consolidated by this court ex mero motu.
Richard A. Boykin, Jr., (father) and Dorothy Vielle Boykin (mother) were divorced by a judgment of the Baldwin County Circuit Court on December 1, 1992. The father appealed the trial court's judgment of divorce to this court, and we affirmed. For more background information of this case, seeBoykin v. Boykin, 628 So.2d 949 (Ala.Civ.App. 1993).
In its December 1, 1992, divorce judgment, the trial court granted the mother "a lien upon any real or personal property owned by the [father] whether in Trust or in fee in the amount of any unpaid child support and alimony in gross hereby awarded." On December 17, 1992, the mother filed, in the Baldwin County Probate Court, a notice of lis pendens on certain real property held by the Richard A. Boykin, Jr., Family Trust (Dickie Trust).
The Dickie Trust was created in 1989 by order of the Circuit Court of Mobile County, Alabama, which appointed the Cornerstone Bank in Dallas, Texas, as corporate trustee. The court ordered the transfer of all assets to the Cornerstone Bank. The Trust Company of Texas is the successor in interest to Cornerstone Bank as corporate trustee of the Dickie Trust. The Trust Company of Texas's principal place of business is in Dallas, Texas. The Dickie Trust is administered in Dallas, Texas, and any cash assets of the trust are held by the corporate trustee. The Dickie Trust owns real estate in Alabama. The father is the sole income beneficiary of the Dickie Trust.
While the divorce action was on appeal, the trial court entered an order on June 22, 1993, directing the clerk of the circuit court to accept payment of $35,000 from the Dickie Trust and to hold the same until further order of the court. Thereafter, the Dickie Trust paid $35,000[1] into court.
On October 25, 1993, also while the divorce action was on appeal to this court, the mother filed this action, requesting the trial court to enjoin the father from receiving, either directly or indirectly, any funds from the Dickie Trust, to enjoin the Dickie Trust from disbursing, either directly or indirectly, any funds to the father when the father had an arrearage in his child support payments or otherwise owed money to the mother, to enter an order directing the father to show cause why he should not be held in contempt of court for failure to pay child support, alimony, and other amounts due based on previous orders of the trial court, and to direct the clerk of the trial court to disburse the $35,000 paid into court by the Dickie Trust.
On December 3, 1993, without a hearing, the trial court granted the mother's motion to enjoin. The trial court signed and entered an order prepared by the mother's attorney, restraining the Dickie Trust from directly or indirectly disbursing funds to the father and restraining the father from receiving disbursements from the Dickie Trust when the father was in arrears of his child support obligation or owed any other amount pursuant to orders of the trial court or when the mother has not been provided with monthly statements of account of the Dickie Trust.
That same day, the trial court also entered an order directing the father to show cause, at a hearing on December 20, 1993, why he *Page 825 
should not be held in contempt of court for failing to comply with orders pursuant to the divorce judgment.
Following an ore tenus proceeding on December 20, 1993, the trial court entered an order on December 21, 1993, finding that the father had failed to pay sums previously ordered by the court, including: (1) child support in the amount of $4,352.32; (2) alimony in the amount of $6,890; (3) unreimbursed medical expenses incurred by the mother on behalf of the minor child totalling $269; (4) unreimbursed medical insurance premiums totalling $2,216; (5) $30,212.59 for certain debts the father had been ordered to pay, plus accrued interest thereon; and (6) attorney's fees totalling $7,140.02, representing sums awarded in the original judgment of divorce and in subsequent orders of the trial court. The trial court awarded an additional attorney fee to the mother in the amount of $7,010.81. All of the above totaled $58,090.74.
The trial court also found that the $35,000 paid into court by the Dickie Trust had been "in the nature of a supersedeas bond posted by [the father], and that such amount was distributed to [the father] free of trust." The trial court directed the clerk of the trial court to disburse the $35,000 pro rata among the mother, the mother's attorney, and certain creditors.
The trial court held the father in contempt of court for his failure to pay child support, alimony, and other debts that it had ordered him to pay. The trial court ordered that the father be arrested and held without bond until such time as he had purged himself of contempt. The trial court held that the father could purge himself of contempt by paying $23,090.74 ($58,090.74 less $35,000) to the clerk of the trial court.
Both of these petitions for writs of mandamus were filed with this court the day after the above judgment was entered by the trial court.
At the outset, we note that mandamus is a drastic and extraordinary writ to be issued only where there is a clear legal right to the order sought by the petitioner and only where there is a lack of another adequate remedy. Ex parteLeigeber, 608 So.2d 404 (Ala.Civ.App. 1992).
 THE TRUSTEES'S PETITION
The Trust Company of Texas, as the corporate trustee of the Dickie Trust and on behalf of the individual trustees of the Dickie Trust (hereinafter collectively referred to as "Trustee"), requests this court to issue a writ of mandamus directing the trial court (1) to dissolve the injunction entered against the Dickie Trust on December 3, 1993, which prohibits it from making disbursements to the father; and (2) to rescind that portion of the order entered on December 21, 1993, applying and disbursing the funds paid into court by the Trustee to pay the alleged debts of the father.
The Trustee contends that the Dickie Trust was not made a party to these proceedings, therefore, the trial court lacked jurisdiction over the Dickie Trust, thus rendering the trial court's December 3 and 21, 1993, orders invalid. The Trustee also contends that the trial court's injunction of December 3, 1993, enjoining the Dickie Trust from disbursing funds to the father, violated Rule 65, Ala.R.Civ.P., and is due to be dissolved.
The record reflects that the mother's second amended complaint in the divorce action requested the trial court to order the Dickie Trust to comply with all of its orders; however, the amended complaint did not seek to have the Dickie Trust or the Trustee added as parties to the divorce action. The Trustee filed a limited appearance in the divorce action contesting the trial court's jurisdiction over the Dickie Trust. The December 1, 1992, judgment of divorce, however, did not directly order the Dickie Trust or the Trustee to do anything.
While the divorce action was still on appeal to this court, this injunctive and rule nisi action was initiated. Jurisdiction of the divorce action was still vested in the appellate court when this action[2] was filed. The *Page 826 
style of this action did not name either the Dickie Trust or the Trustee as a party, and the pleading did not seek to have them added as parties to this action. Consequently, based upon the record, neither the Dickie Trust nor the Trustee were ever made parties to this action.[3]
"It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam
in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."Hansberry v. Lee, 311 U.S. 32, 40, 61 S.Ct. 115, 117,85 L.Ed. 22 (1940) (citations omitted). "A judgment or decree among parties to a lawsuit resolves issues among them, but it does not conclude the rights of strangers to those proceedings."Martin v. Wilks, 490 U.S. 755, 762, 109 S.Ct. 2180, 2184,104 L.Ed.2d 835 (1989). Further, a judgment is void if the court rendering it lacked jurisdiction over the parties. Gaudin v.Collateral Agency, Inc., 624 So.2d 631 (Ala.Civ.App. 1993). Consequently, the trial court's December 3, 1993, injunction and its judgment of December 21, 1993, are void as to the Trustee because the Dickie Trust and the trustees were never made parties to this proceeding.
We further hold that the December 3, 1993, injunction was invalid because neither the mother nor the trial court complied with the requirements of Rule 65, Ala.R.Civ.P. See Teleprompterof Mobile v. Bayou Cable TV, 428 So.2d 17 (Ala. 1983). The mother failed to prove that she would suffer an injury that was imminent and irreparable in a court of law if an injunction were not issued. Id.; see also Norris v. Harbin, 541 So.2d 486
(Ala. 1989). Also, no hearing was held before the issuance of the injunction, and the trial court's order granting the injunction failed to give the reasons for the issuance of the injunction as required by Rule 65. Teleprompter, supra.
Based upon the foregoing, the Trustee's petition for the issuance of a writ of mandamus is granted.
Because of the apparent animosity and contentious relationship between the parties involved in this litigation, we make the following observation and comments.
It appears that the mother construes the trial court's original divorce judgment to give her a lien on the corpus of the Dickie Trust. The trial court's judgment gave the mother a lien upon any real or personal property owned by the father. The father is the beneficiary of the Dickie Trust, but he does not own the real property on which the lis pendens was filed, or any assets of the trust until they are paid to him. The trial court's original divorce judgment did not give the mother a lien on any real property[4] or assets owned by the Dickie Trust.
We further find that the Trustee is correct in its contention that, pursuant to § 19-3-1(a), Ala. Code 1975, the income, profits, and principal held by it are immune from attachment and seizure to satisfy the father's debts. Section 19-3-1(a), Ala. Code 1975, provides that the property and the income or profits from an express trust for support, maintenance, and education of a relative shall not be liable for or subject to seizure for the debt of a beneficiary.
A trust may be either a "discretionary trust" or a "spendthrift trust." Howard v. Spragins, 350 So.2d 318 (Ala. 1977). Regarding child support, our supreme court has held that, as a general rule, a true discretionary trust is not subject to a claim for *Page 827 
child support. Id. A trust is a true discretionary trust only where the trustee has complete discretion to pay or to totally exclude the beneficiary. Id. A spendthrift trust exists where the trustee must make payments to the beneficiary but has discretion only as to the time or method of making those payments. Id.; see also Bogert, Trusts and Trustees, 2d ed. § 228. In the Dickie Trust, the Trustee is required to make payments in "monthly or other convenient installments, but not less frequently than quarterly." Hence, the Dickie Trust is not a discretionary trust, but it is, instead, a spendthrift trust and can be reached to satisfy a claim for child support.Howard, supra.
In Howard the mother filed a petition for rule nisi against the father for nonpayment of child support. The father filed an answer and a third-party claim against the First Alabama Bank of Huntsville, N.A., the trustee of three trusts of which he was the beneficiary. The trustee answered and then cross-claimed against all other parties. Following an ore tenus proceeding, the trial court ordered, inter alia, that the trustee bank pay the past due child support from the corpus of the trusts. On appeal our supreme court stated that:
 " 'The claim of . . . dependent children to support is based upon the clearest grounds of public policy. They are in quite a different position from ordinary creditors who have voluntarily extended credit. It would be shocking indeed to permit a husband to receive and enjoy the whole of the income from a large trust fund and to make no provision for his needy dependents.' "
Howard, 350 So.2d at 323 (citation omitted). Our supreme court also recently held that a child support obligation is not a debt in the ordinary sense of the word and a former spouse seeking to collect child support is not a creditor. Ex parteMcCall, 596 So.2d 4 (Ala. 1992). A parent is bound by the laws of morality to support his minor children. McCall.
Consequently, a parent's child support obligation is not a debt within the meaning of § 19-3-1(a), Ala. Code 1975. See Howard,McCall.
However, the other financial obligations of the father are to be treated differently. Alimony in gross is in the nature of a property settlement, and is dischargeable in bankruptcy, unlike periodic alimony and child support. See Pressnell v. Pressnell,519 So.2d 536 (Ala.Civ.App. 1987). Accordingly, alimony in gross is a debt within the meaning of § 19-3-1(a) and, therefore, the Dickie Trust cannot be held liable for or attached to pay the father's alimony in gross obligation.Pressnell, § 19-3-1(a), Ala. Code 1975. Further, the Dickie Trust cannot be liable for or attached to pay the debts that the trial court ordered the father to pay because they are debts within the meaning of § 19-3-1(a), Ala. Code 1975.
 THE FATHER'S PETITION
The father requests this court to issue a writ of mandamus, ordering the trial court (1) to withdraw that portion of its order of December 21, 1993, finding him in contempt of court; (2) to withdraw the writ of arrest that it caused to issue; and (3) to refrain from issuing orders holding the father in contempt of court for his failure to pay certain ex contractu
debts of the marriage. The father contends that the portion of the trial court's December 21, 1993, order holding him in contempt of court and the writ of arrest issued by the trial court were clearly erroneous.
A review of a judgment of contempt is now by appeal.Stack v. Stack, 646 So.2d 51 (Ala.Civ.App. 1994).[5] "It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by appeal, a writ of mandamus will not be issued." Ex parte Spears,621 So.2d 1255, 1256 (Ala. 1993) (citation omitted). However, our supreme court "has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent 'undue injury.' " Spears, 621 So.2d at 1256. These exceptions include: the enforcement of *Page 828 
a trial court's compliance with an Alabama Supreme Court mandate; a review of discovery rulings; to enforce a statutory or constitutional right to a jury trial; and to vacate certain interlocutory rulings in divorce cases. Spears. We find no such exception in the father's petition.
We point out to the father, however, that it has long been recognized that, as part of its inherent power, a trial court may punish for the contemptuous failure to comply with its lawful orders. Hall v. Hall, 485 So.2d 747 (Ala.Civ.App. 1986). In the civil context, the trial court may exercise the contempt power to coerce compliance with a lawful order of the court. State ex rel. Payne v. Empire Life Insurance Company,351 So.2d 538 (Ala. 1977).
Consequently, the father's petition for a writ of mandamus and/or a writ of prohibition is due to be denied. We note, however, that the December 3, 1993, injunction has been held to be void as to the father and the Trustee.
The Trustee's petition for writ of mandamus is granted, and all judgments and orders directed to the Trustee are held to be void.
AV93000252 — WRIT DENIED.
AV93000255 — WRIT GRANTED.
THIGPEN and YATES, JJ., concur.
[1] The Dickie Trust paid the $35,000 into court pursuant to an agreement with the mother regarding the release of the lis pendens filed in probate court.
[2] This court would have had to remand jurisdiction back to the trial court for the trial court to enter any valid orders in the divorce action; however, because there was no supersedeas bond filed or no stay granted on the terms of the divorce judgment, i.e., child support, etc., the trial court had jurisdiction of any new action to enforce the divorce judgment. Rule 8, Ala.R.App.P.
[3] Because neither the Trustee nor the Dickie Trust were ever made parties to this action they could not have appealed from the trial court's December 3 and 21, 1993, orders; consequently the Trustee's petition for writ of mandamus is proper in this case. Leigeber, supra.
[4] In placing a lis pendens notice on property owned by the Dickie Trust, the mother has done so at her own peril. One who places a lis pendens notice on property without a "colorable claim" of right to or interest in the property subjects themselves to a claim for slander of title. Taylor v. BaldwinNational Bank, 473 So.2d 489 (Ala. 1985).
[5] Our supreme court has recently excluded all contempt proceedings in civil cases from Rule 33.3, A.R.Crim.P., and promulgated Rule 70A (Interim), A.R.Civ.P. which became effective July 11, 1994, and governs all contempt proceedings in civil actions.