ROBERTSON, Presiding Judge.
The parties, Richard A. Boykin, Jr. (father) and Dorothy V. Boykin (mother), have been before this court previously. For the background facts pertinent to this appeal, see Ex parte Boykin, 656 So.2d 821 (Ala.Civ.App.1994).
Before the release of this court’s August 19, 1994, opinion, the trial court, pursuant to a petition for rule nisi filed by the mother, entered an order on August 18, 1994, finding the father in contempt of court for his “failure to pay child support, alimony, medical expenses and other matters relating to the support of [the mother] and [his] minor child.” The trial court ordered the father to purge himself of the contempt by paying $40,041.21 to the clerk of the court before August 25,1994. It appears from the record that in calculating the amount owed by the father, the trial court gave the father credit for the $35,000 previously paid into court by the Dickie Trust. See Ex parte Boykin, 656 So.2d at 824.
The father filed a notice of appeal on August 24, 1994, from the August 18, 1994, order of contempt, and from the judgment of contempt entered on December 21, 1993. See Ex parte Boykin, 656 So.2d at 827.
The attempted appeal of the December 21, 1993, judgment of contempt is untimely. See Rules 2(a)(1) and 4(a)(1), Ala.R.App.P.; Jackson v. Jackson, 641 So.2d 833 (Ala.Civ.App.1994); and Allen v. Holmes, 439 So.2d 166 (Ala.Civ.App.1983).
The father addresses all of his arguments in brief to the December 21, 1993, judgment of contempt. He fails to cite any authority or to advance any argument regarding the August 18, 1994, order of contempt. Rule 28(a), Ala.R.App.P. Also, the record on appeal does not contain a transcript of the August 5,1994, proceeding, nor a Rule 10(d), Ala.R.App.P., statement of the evidence. It is well settled that where the trial court considered oral testimony in reaching its decision and that testimony is not in the record, the testimony is presumed sufficient to support the judgment. Jones v. Jones, 603 So.2d 1109 (AIa.Civ.App.1992). Consequently, we have no alternative except to affirm the trial court’s August 18, 1994, order of contempt. Rule 28, Ala.R.App.P.; Jones, supra.
AFFIRMED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.