YATES, Presiding Judge,
dissenting.
A petition for a writ of mandamus is a proper remedy for preventing injustice and preventing an irreparable harm when no adequate remedy exists at law. Ex parte J.Z., 668 So.2d 566 (Ala.1995). However, mandamus is a drastic and extraordinary remedy, to be “issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Henry, 770 So.2d 76, 79-80 (Ala. 2000).
In the present case, the parties married in 1980; they separated in 1981. They reunited in 1987 for a couple of months before their first child was born in May 1987; however, they separated again in 1987. The parties reunited in 1988 and had a second child, but separated that same year. The mother moved out of state in 1988. In 1990, she returned to Alabama, and the parties reunited before the third child was born. In 1991, the mother filed a petition for adjudication of paternity and child support. On August 1, 1991, the father admitted paternity and a judgment adjudicating him the father and ordering him to pay child support was entered that same day. The parties separated in 1995. In February 1998, the father was before the court regarding an *754 arrearage in child support. I note that he did not request to reopen paternity at that time. In December 2000, the father filed a complaint for divorce. In his petition, the father alleged that the children were not his and specifically requested paternity testing. The trial court granted the testing.
In Ex parte Jenkins, 723 So.2d 649 (Ala. 1998), the supreme court held that § 26-17A-1, Ala.Code 1975, which authorizes a trial court to reopen the matter of paternity, could not be applied retroactively, because to do so would violate the separation-of-powers doctrine. As a result, § 26-17A-1 cannot be applied to paternity judgments that became final before April 26, 1994. Ex parte Jenkins, 723 So.2d at 659. In the present case, the father was adjudicated to be the children’s father on August 1, 1991. Therefore, the father was not entitled to have the paternity question reopened.
However, in Jenkins the court also held that a father seeking to set aside a previous adjudication of paternity may be entitled to relief under Rule 60(b)(6), Ala. R. Civ. P. 723 So.2d at 659-60. The supreme court set out factors the trial court should consider in determining whether to reopen a paternity judgment under Rule 60(b)(6) and in determining whether the Rule 60(b) motion was made within a “reasonable time” as required by the rule:
“[I]n a paternity case a trial court should apply equitable principles, including the doctrine of laches, in determining when the ‘reasonable time’ allowed by Rule 60(b)(6) begins to run and when it expires. In determining whether a ‘reasonable time’ has expired, the trial court should consider several factors, including the circumstances under which the original paternity judgment was rendered; the circumstances under which, and when, the previously adjudicated father came to doubt that he was the biological father; when he sought to obtain scientific evidence to determine paternity; when he presented the scientific evidence to the trial court or asked the trial court to order scientific testing; and the burdens imposed on the previously adjudicated father and on the child by the continued enforcement of the pri- or paternity adjudication or by the reopening of the judgment.”
723 So.2d at 660 (citation omitted).
The main opinion cites Ex parte Boykin, 656 So.2d 821 (Ala.Civ.App.1994), for the proposition that mandamus is not the proper method of review in the present case. Boykin involved two petitions for the writ of mandamus, neither of which concerned ordering tests to reopen a final paternity judgment. The first petition was filed by a corporate trustee seeking the lifting of an injunction in order to disburse funds of the trust. The court granted that petition. The second petition in Boykin was a request from the father to withdraw the trial court’s order that found him in contempt, which the supreme court denied.
First, the father here has not filed a Rule 60(b)(6) motion to reopen the paternity judgment. In Ex parte Conway, 720 So.2d 889, 889-90 (Ala.1998), the supreme court quashed a writ of certiorari in a paternity case, stating “We express no opinion as to whether the petitioner would be entitled to relief under Rule 60(b)(6), Ala. R. Civ. P., as that rule was interpreted in Jenkins, because the petitioner has yet to make a Rule 60(b)(6) motion to the trial court.”
Second, the supreme court has allowed a petition for a writ of mandamus as the proper method of review to challenge an order requiring paternity tests after paternity has been adjudicated. In Ex parte State ex ret. V.E.T.P., 646 So.2d 551 (Ala. 1993), the trial court granted the father’s *755 petition for a blood test to determine paternity even though paternity had been adjudicated by a default divorce judgment. The Department of Human Resources petitioned this court for a writ of mandamus ordering the trial court to withdraw its order. This court denied the petition. The supreme court granted certiorari review; it noted that the father had failed to filed a Rule 55(c), Ala. R. Civ. P., motion seeking to set aside the default judgment and that he had failed to file a Rule 60(b) motion for relief from the judgment. The supreme court reversed this court and issued the writ of mandamus ordering the trial court to withdraw its order. In Ex parte J.Z., 668 So.2d 566, 12 years after paternity had been adjudicated in a default judgment, the trial court granted the father’s request for blood tests. The State filed a petition for a writ of mandamus, seeking a withdrawal of the order requiring blood tests. This court denied the writ. The supreme court granted certiora-ri review and reversed the judgment of this court, holding that the trial court’s reopening of a 12-year-old judgment constituted extraordinary circumstances warranting mandamus relief. Although both Ex parte V.E.T.P. and Ex parte J.Z. were written before Jenkins, it is the method of review that is important.
Nothing before this court indicates whether the trial court considered the factors set out in Jenkins for reopening a paternity judgment, including the circumstances of the original paternity adjudication, when he came to doubt he was the father and requested scientific testing. In this case, nine years have passed between the original judgment and the father’s request challenging paternity. He was well aware of the times that he and the mother were together, when the children were born, and when he and the mother were separated. Cf. State ex rel. G.M.F., 728 So.2d 149 (Ala.Civ.App.l998)(the father had no reason to question paternity until the mother informed him he was not the father). The children were born while the parties were married; therefore, the father is presumed to be the natural father. § 26-17-5. Additionally, the father admitted paternity. Also, the father did not challenge paternity when he was before the court on child-support arrearage. I conclude that there was a clear showing that the trial court abused its discretion in reopening the final paternity adjudication and that a writ of mandamus is the proper relief for the mother. Therefore, I dissent.
THOMPSON, J., concurs.