62 So.3d 465 (2010)
Ex parte Ronda McMICHAEL.
(In re Forney McMichael v. Ronda McMichael).
Ex parte Forney L. McMichael.
(In re Forney McMichael v. Ronda McMichael).
1090150 and 1090179.
Supreme Court of Alabama.
September 24, 2010.
Rehearing Denied November 19, 2010.
*466 Arthur F. Fite III of The Fite Law Firm, L.L.C., Anniston; Steven D. Adcock, Talladega; and Susan P. Billeaud and M. Shane Lucado of Lucado Law Firm, LLC, Birmingham, for petitioner/respondent Ronda McMichael.
Christopher M. Hopkins of Campbell & Hopkins, Anniston, for petitioner/respondent Forney McMichael.
SMITH, Justice.
These consolidated cases involve petitions for a writ of mandamus filed by the defendant below, Ronda McMichael (case no. 1090150), and by the plaintiff below, Forney L. McMichael (case no. 1090179). In case no. 1090150, we grant the petition and issue the writ. In case no. 1090179, we transfer the petition to the Court of Civil Appeals.

I. Facts and Procedural History
On August 14, 2009, Forney McMichael filed in the Calhoun Circuit Court a complaint for a divorce, seeking to terminate his marriage to Ronda McMichael. In the divorce complaint, Forney sought, among other things, a judgment awarding him "all right, title and interest" in "MACS VACS LLC" ("the LLC"), a business located in Calhoun County. The parties own the LLC jointly with right of survivorship.
The Calhoun Circuit Court entered an ex parte temporary restraining order ("the Calhoun TRO"). In the Calhoun TRO, the court found that "[Forney], and the assets subject to the jurisdiction of the Court, particularly [the] LLC, and the parties' real property and homes . . ., may suffer irreparable harm without the entry of this Order" and ordered, in pertinent part:
"1. That the parties be and are restrained from disposing, transferring, spending, giving away, or secreting any property, whether such property be real, personal, or mixed, tangible or intangible, which may be subject to the jurisdiction of the Court, including but not limited to money and other liquid financial assets, books and records of business and personal assets and liabilities, records and statements from banks and other financial institutions;
"2. That the parties are not restrained from the payment of routine, reasonable, and necessary ordinary living and business expenses but each must maintain, or have maintained in legible form, written records of such expenditures, such records to be made available to the other party for copying upon request."
On August 25, 2009, the Calhoun Circuit Court entered an order granting Ronda's "motion to dismiss or transfer for improper venue" and transferring the divorce action "in its entirety" to the Talladega Circuit *467 Court.[1]
On August 26, 2009the day after the Calhoun Circuit Court transferred the divorce action to the Talladega Circuit CourtForney filed a declaratory-judgment action in the Calhoun Circuit Court, contending that Ronda's "disruptive behavior and actions, as well as her breaches of her member's fiduciary duty, have caused the LLC ... damage[ ] to its operation and business." In the complaint, Forney sought "a declaration of the rights and duties of the parties under the LLC's Articles of Organization, Operating Agreement, and the Limited Liability Company Act[, codified at Ala.Code 1975, § 10-12-1 et seq.]." Specifically, Forney sought an order declaring, among other things, that he is the "sole manager" of the LLC; that Ronda "is a member of the LLC, but not the Manager of [the LLC]"; and that "[Forney] and only [Forney] can take the necessary and appropriate action(s) to operate the LLC."
On September 14, 2009, the Talladega Circuit Court held a hearing on a motion filed by Ronda seeking to dissolve the Calhoun TRO. On September 28, 2009, the Talladega Circuit Court entered a consent order concerning various matters including matters regarding the LLC. In the consent order, the Talladega Circuit Court dissolved the Calhoun TRO; stated that Forney would "continue to be the Manager of [the] LLC, accompanied with the rights and duties as stated in the Operating Agreement of [the] LLC"; and stated that Ronda initially would assist with the preparation and filing of the LLC's 2007 and 2008 federal and state tax returns and then "assume a role in the sales division of [the] LLC." The order further provided, in pertinent part:
"2. The parties be and are restrained from disposing, transferring, spending, giving away, or secreting any property, whether such property be real, personal or mixed, tangible or intangible, which may be subject to the jurisdiction of the Court, including but not limited to money and other liquid financial assets, books and records of business and personal assets and liabilities, records and statements from banks and other financial institutions, pendente lite.
"3. The parties are not restrained from the payment of routine, reasonable, and necessary ordinary living and business expenses but each must continue to maintain, or have maintained in legible form, written records of such expenditures, such records to be made available to the other party for copying upon request, pendente lite."[2]
On September 29, 2009, Ronda moved the Calhoun Circuit Court to dismiss or, in the alternative, stay the declaratory-judgment action ("motion to dismiss"). In the motion to dismiss, Ronda noted that the Talladega Circuit Court had entered an order on September 28, 2009, "with respect to the operation of [the] LLC" and contended that the declaratory-judgment action "is an attempt to circumvent the jurisdiction of the Talladega County Circuit Court, which has properly exercised jurisdiction over [the LLC]." Ronda further *468 contended that "both Courts cannot exercise jurisdiction of . . . [the] LLC, and Talladega [Circuit Court] has the sole jurisdiction on this matter"; thus, Ronda argued, "this [declaratory-judgment action] must be dismissed or at least stayed." The Calhoun Circuit Court entered an order denying Ronda's motion to dismiss on September 30, 2009.
On October 1, 2009, the Calhoun Circuit Court held a hearing on a motion filed by Forney seeking a pendente lite order. On October 2, 2009, the Calhoun Circuit Court entered an order providing, in pertinent part, that Forney is the manager of the LLC, which, the court noted, "is consistent with the Order entered by consent in the parties' divorce action [in the Talladega Circuit Court]"; that, as manager of the LLC, Forney has "the authority to allow [Ronda] on the LLC business premises... and the authority to tell her she cannot come onto those premises or must leave those premises"; that Ronda's duties in the LLC's sales department "do[ ] not require her presence on the LLC's premises"; and that Ronda "can come onto the business premises if invited by the Manager, and she must leave if directed to do so by the Manager."
The Calhoun Circuit Court's October 2, 2009, order also noted that, during the previous day's hearing, it had denied Ronda's oral motion to dismiss, in which she argued that "the LLC does not exist" because, Ronda said, the LLC's articles of organization were improperly filed with the Probate Judge of Calhoun County rather than with the Probate Judge of Talladega County, which is the county where the registered agent for the LLC, Forney, is located.[3] In the order, the Calhoun Circuit Court stated:
"The Court denied [Ronda's] Motion to Dismiss. Ala.Code [1975,] § 10-12-12(a)[,] provides that an LLC's Articles of Organization are to be delivered to the Probate Judge, and if the probate judge finds that the articles of organization conform to law, the probate judge shall, pursuant to Ala.Code [1975,] § 10-12-12(a)(l)[,] endorse on the articles of organization and on each of the copies the word `Filed' with the hour, day, month and year of filing, pursuant to Ala.Code [1975,] § 10-12-12(a)(2), file the Articles of Organization in the office of the probate judge and certify the two copies. Ala.Code [1975,] § 10-12-14(a)[,] provides that `[U]pon the filing of the articles of organization with the probate judge, the limited liability company's existence shall begin.' Thus, if the articles are filed by the probate judge, the LLC exists. The Court has [not] found, nor has counsel cited the Court to, anything in the Limited Liability Act[,] Ala.Code [1975,] § 10-12-1, et seq.[,] that causes the LLC's existence to cease, or not begin, if the organizers submit the wrong address for the registered office and registered agent. The statutory scheme requires scrutiny by the Probate Judge to see that the articles conform to law. If the Probate Judge fails to catch such an error, nevertheless *469 the LLC's existence begins when the Probate Judge stamps and files the Articles of Organization. Accordingly the Motion to Dismiss was denied. The Court also notes, in the alternative, that [Ronda] would be estopped to deny the LLC's existence when she seeks the Court to appoint her to manage the LLC pendente lite, that the parties would be estopped by their operation as an LLC for years, that the parties had acquiesced to the filing in Calhoun County, that being within the city limits of Oxford, which itself is in Calhoun County, is a sufficient connection to Calhoun County, that numerous federal and state governmental entities have recognized the LLC's existence, and that it would be chaotic for the Court to declare a nullity an asset that the parties are contesting in their Talladega County divorce. If the Talladega County Family/Circuit Court acquired jurisdiction over the LLC as marital property subject to distribution in a Judgment of Divorce, it would not be for this Court to declare that asset a nullity."[4]
On October 2, 2009, Ronda filed a petition for rule nisi in the Talladega Circuit Court, alleging that Forney had violated the terms of the Talladega Circuit Court's September 28, 2009, consent order. Specifically, Ronda alleged that Forney had violated the consent order by "transferr[ing] $100,000 from [an] ... LLC account and deposit[ing] said monies into an account at a banking institution without [Ronda's] consent"; by "instruct[ing] [Ronda] not to come on the premises of [the] LLC"; and by attempting to have Ronda arrested "when she entered the [LLC's] premises for work purposes." The petition requested, among other things, that the Talladega Circuit Court require Forney to appear and to show cause why he should not be found in contempt of the consent order.
On October 5, 2009, the Talladega Circuit Court entered an order setting Ronda's petition for rule nisi for a hearing on October 6, 2009. Forney failed to appear for the hearing; he contends that he failed to appear because he did not receive proper notice of the hearing.[5] In any event, on October 8, 2009, the Talladega Circuit Court entered an order finding Forney in contempt of the September 28, 2009, consent order. Specifically, the Talladega Circuit Court found that Forney "willfully failed and refused to abide by this Court's Order by withdrawing $100,000 from [the LLC's] account at Region's Bank" and that Forney "willfully failed and refused to abide by this Court's Order by instructing [Ronda] not to come onto the premises of [the LLC] on three (3) occasions ... and by seeking law enforcement intervention to enforce same."
Forney moved the Talladega Circuit Court to vacate its October 8, 2009, order finding him in contempt of the consent order. In the motion, Forney argued, among other things, that the Talladega Circuit Court lacked subject-matter jurisdiction over the property of the LLC, and, thus, Forney argued, the court's order finding him in contempt for transferring $100,000 from the LLC's Regions Bank account is void. Specifically, Forney argued that the Talladega Circuit Court, while presiding over the divorce action, could not properly exercise subject-matter jurisdiction over the property of the LLC, i.e., the $100,000, because, Forney said, the *470 property of the LLC belongs not to its members (Forney and Ronda) but to the LLC itself. Forney claimed that the Talladega Circuit Court acquired subject-matter jurisdiction over the parties' "membership interest[s]" in the LLC but not over the property of the LLC. In support of his argument, Forney cited Ala.Code 1975, § 10-12-23(b), which provides:
"All property originally contributed to the limited liability company or subsequently acquired by a limited liability company by purchase or otherwise is limited liability company property. A member has no interest in specific limited liability company property."
Relying on § 10-12-23(b), Forney contended that the Talladega Circuit Court's consent order "could not reach" the property of the LLC. For all that appears, Forney's motion to vacate the Talladega Circuit Court's October 8, 2009, order finding him in contempt of the consent order was denied by operation of law. See Rule 59.1, Ala. R. Civ. P.
On October 9, 2009, Ronda filed in the Calhoun Circuit Court a motion for a change of venue, seeking a transfer of the declaratory-judgment action from the Calhoun Circuit Court to the Talladega Circuit Court; it appears that the Calhoun Circuit Court did not rule on that motion.
The parties filed respective petitions for writs of mandamus in the Court of Civil Appeals; the Court of Civil Appeals transferred the petitions to this Court for lack of subject-matter jurisdiction. This Court stayed all proceedings in both the Calhoun Circuit Court and the Talladega Circuit Court pending resolutions of these petitions. Forney has filed a motion to dismiss Ronda's mandamus petition. However, the arguments Forney raises in the motion to dismiss are also raised in Forney's answer to Ronda's mandamus petition in case no. 1090150, and those arguments actually present reasons stating why Ronda's mandamus petition should be denied rather than dismissed. Accordingly, Forney's motion to dismiss is due to be denied.

II. Standard of Review
"`A writ of mandamus is an extraordinary remedy, and it will be "issued only where there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala. 1991).'"
Ex parte Bentley, 50 So.3d 1063, 1068 (Ala. 2010) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998)).

III. Issues

Case no. 1090150
Ronda presents two issues in her petition for a writ of mandamus. First, she contends that this Court should issue the writ and direct the Calhoun Circuit Court to rescind all orders regarding the operation of the LLC, to make no further orders regarding its operation, and to dismiss the action pending in that court or stay the proceeding there pending resolution of the divorce action in the Talladega Circuit Court. Specifically, Ronda contends that, "[s]ince the Talladega [Circuit] Court has the powers to enter orders regarding the assets of the parties to the divorce action, then it should also enter such orders over *471 the parties' LLC, and not the Calhoun Circuit Court." Second, Ronda contends that, under Ala.Code 1975, § 10-12-9, an LLC "does not come into legal existence" until its articles of organization are filed with the probate judge of the county in which the registered agent of the LLC is located; thus, Ronda says, because the LLC's articles of organization were not filed in the county of Forney's residence (Talladega County) until September 30, 2009 (see supra note 3), the Calhoun Circuit Court may not exercise jurisdiction over the LLC.

Case no. 1090179
Forney presents seven issues in his mandamus petition; those issues can be combined into the following two issues: (1) Whether the Talladega Circuit Court had subject-matter jurisdiction over the property of the LLC such that it could properly find Forney in contempt of its September 28, 2009, consent order for, among other things, transferring $100,000 from an LLC bank account; and (2) if the Talladega Circuit Court did have subject-matter jurisdiction over the property of the LLC, whether the court erred by finding Forney in contempt of that court's September 28, 2009, consent order.

IV. Discussion

A. Whether the Calhoun Circuit Court or the Talladega Circuit Court is the proper forum to resolve the parties' dispute concerning the management and operation of the LLC
At the outset, we note that there is no dispute as to the Talladega Circuit Court's subject-matter jurisdiction over the divorce action or as to the Calhoun Circuit Court's subject-matter jurisdiction over the declaratory-judgment action. Rather, the threshold issue for this Court's consideration is whether Forney may simultaneously maintain the divorce action in the Talladega Circuit Court and the subsequently filed declaratory-judgment action in the Calhoun Circuit Court. Ronda contends in her mandamus petition, as she did in her motion to dismiss the declaratory-judgment action, that the Talladega Circuit Court, which was the first of the two courts to assume jurisdiction over these issues, is the proper forum in which to resolve both the divorce action and the issues raised in the declaratory-judgment action, i.e., the parties' dispute concerning the management and operation of the LLC. We agree.
In Ex parte Liberty National Life Insurance Co., 631 So.2d 865 (Ala.1993), this Court stated:
"`It is uniformly held that where two or more courts have concurrent jurisdiction, the one which first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgment or decrees....
"`... "It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its action...."
"`... "All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction, in order to prevent conflicts, and to preserve in harmony their relations to each other."'
"Ex parte Burch, 236 Ala. 662, 665, 184 So. 694, 697 (1938).
"These principles have been restated numerous times:

*472 "`[W]here two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction.'
"Ex parte State ex rel. Ussery, 285 Ala. 279, 281, 231 So.2d 314, 315 (1970)...."
631 So.2d at 867.
In this case, the concurrent exercise of jurisdiction by the Talladega Circuit Court and the Calhoun Circuit Court has resulted in inconsistent orders. The Calhoun Circuit Court's October 2, 2009, order provides that Forney is the manager of the LLC and, as the manager, that Forney may, among other things, refuse Ronda entry onto the premises of the LLC and order her to leave those premises. The Talladega Circuit Court's September 28, 2009, consent order also provides that Forney is the manager of the LLC; however, it does not authorize Forney to make decisions regarding if and when Ronda may enter upon the premises of the LLC. As a result, Forney has been found to be in contempt of the consent order for, among other things, instructing Ronda not to come upon the premises of the LLC; however, under the Calhoun Circuit Court's October 2, 2009, order, it is permissible for Forney to exclude Ronda from the premises of the LLC. This is the very type of conflict the principle set forth in the above-quoted authorities seeks to avoid. See Ex parte Liberty Nat'l Life Ins. Co., 631 So.2d at 867 ("`"All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction, in order to prevent conflicts...."'" (quoting Ex parte Burch, 236 Ala. at 665, 184 So. at 697 (emphasis added))).
We conclude that, because the Talladega Circuit Court initially exercised jurisdiction over the parties and their property in the divorce action, it must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals; thus, the Calhoun Circuit Court erred in denying Ronda's motion to dismiss insofar as it denied the alternative relief requested in the motion, namely, an order staying the declaratory-judgment action pending resolution of the divorce action in the Talladega Circuit Court. See Ex parte Liberty Nat'l Life Ins. Co., supra; see also Ex parte Murphy, 886 So.2d 90, 94 (Ala.2003) ("`It must be recognized ... that all matters related to a marriage may come within the authority of the court sitting in equity when the parties submit themselves to its jurisdiction by the filing of a suit for divorce.'" (quoting Oliver v. Oliver, 431 So.2d 1271, 1276 (Ala.Civ.App.1983), citing in turn Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967) (emphasis added))).
Accordingly, Ronda's petition in case no. 1090150 is due to be granted as to this issue.

B. Whether the Talladega Circuit Court had subject-matter jurisdiction to enter the order finding Forney in contempt for transferring $100,000 from an LLC bank account
Section 12-3-10, Ala.Code 1975, provides, in pertinent part, that "[t]he Court of Civil Appeals shall have exclusive appellate jurisdiction of ... all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases and all extraordinary writs arising from appeals in said cases." Section 12-3-11, Ala.Code 1975, provides, in pertinent part:
"Each of the courts of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Each court [of *473 appeals] shall have authority to ... issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction. . . ."
Because this issue arises from an order entered by the Talladega Circuit Court in a domestic-relations case, it falls within the exclusive appellate jurisdiction of the Court of Civil Appeals. See § 12-3-10; § 12-3-11.

C. The propriety of the Talladega Circuit Court's finding of contempt
Forney argues that the Talladega Circuit Court erred by finding him in contempt of its September 28, 2009, consent order; however, Forney may not seek relief from a finding of contempt by a petition for writ of mandamus. See Ex parte Boykin, 656 So.2d 821 (Ala.Civ.App.1994), in which the Court of Civil Appeals stated:
"A review of a judgment of contempt is now by appeal. Stack v. Stack, 646 So.2d 51 (Ala.Civ.App.1994). `It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by appeal, a writ of mandamus will not be issued.' Ex parte Spears, 621 So.2d 1255, 1256 (Ala.1993) (citation omitted). However, our supreme court `has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent "undue injury."' Spears, 621 So.2d at 1256. These exceptions include: the enforcement of a trial court's compliance with an Alabama Supreme Court mandate; a review of discovery rulings; to enforce a statutory or constitutional right to a jury trial; and to vacate certain interlocutory rulings in divorce cases. Spears."
656 So.2d at 827-28 (footnote omitted); see Rule 70A(g), Ala. R. Civ. P. (providing that an adjudication of contempt is reviewable by either an appeal or, in certain circumstances, the writ of habeas corpus).
In his reply brief in case no. 1090179, Forney contends that, if this Court determines that the finding of contempt is reviewable by appeal rather than by petition for writ of mandamus, this Court should treat his mandamus petition as an appeal for the purpose of considering the propriety of the contempt finding; however, jurisdiction to review a finding of contempt arising from a domestic-relations case lies not with this Court but, instead, with the Court of Civil Appeals. See K.S.C.C. v. W.H.C., 857 So.2d 830, 835 (Ala.Civ.App.2002) ("The Court of Civil Appeals has jurisdiction to hear an appeal from a finding of contemptcriminal or civilif the finding of contempt arises out of a domestic-relations case." (citing Tetter v. State, 358 So.2d 1046 (Ala.1978); Rule 70A, Ala. R. Civ. P.)); Shonkwiler v. Kriska, 780 So.2d 703, 705 (Ala.Civ.App.2000) (same).[6]

V. Conclusion
For the above-stated reasons, in case no. 1090150 we grant the petition and issue the writ. Specifically, we direct the Calhoun Circuit Court to stay the declaratory-judgment *474 action pending resolution of the divorce action in the Talladega Circuit Court. Additionally, Forney's motion to dismiss Ronda's petition is denied.
Because, as discussed in Parts IV.B. and IV.C. of this opinion, this Court is without jurisdiction to review the issues presented by Forney's petition for a writ of mandamus, we hereby transfer Forney's petition in case no. 1090179 back to the Court of Civil Appeals. Insofar as Forney's petition challenges the propriety of the Talladega Circuit Court's finding of contempt, his petition shall be treated as a timely filed appeal.
1090150MOTION TO DISMISS PETITION DENIED; PETITION GRANTED; WRIT ISSUED.
1090179PETITION TRANSFERRED.
COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, and SHAW, JJ., concur.
MURDOCK, J., concurs in part and dissents in part.
MURDOCK, Justice (concurring in case no. 1090150 and concurring in part and dissenting in part in case no. 1090179).
I do not see how we can apply the principles explained in Ex parte Liberty National Life Insurance Co., 631 So.2d 865 (Ala.1993), which we purport to apply in Part IV.A. of the main opinion, without decidingindeed, I think we inherently have decided implicitly, if not explicitly, in Part IV.A.the issue described in part IV.B. I therefore would extend this Court's opinion (and it is within our supervisory authority to do so) to fully explain why the Talladega domestic-relations court has the power to issue and enforce its order requiring the parties to act in a manner that avoids diminution of the value of their respective ownership interests in the LLC. Compare Gibbs v. Gibbs, 653 So.2d 300 (Ala.Civ.App.1994), with Ten-Eyck v. TenEyck, 885 So.2d 146 (Ala.Civ. App.2003). I therefore respectfully dissent as to Part IV.B. of the main opinion.
I concur with the main opinion in all other respects.
NOTES
[1] For all that appears, the parties resided in Talladega County until, at the earliest, the time they separated; although unclear, that appears to have been the basis for Ronda's motion to transfer the divorce action from the Calhoun Circuit Court to the Talladega Circuit Court. See Ala.Code 1975, § 30-2-4 ("Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred....").
[2] The above-quoted language from the Talladega Circuit Court's consent order is virtually identical to language in the Calhoun TRO.
[3] The parties initially filed the articles of organization for the LLC with the Probate Judge of Calhoun County on December 8, 2004; the articles of organization were filed with the Probate Judge of Talladega County on September 30, 2009. The articles of organization state that Forney is the registered agent for the LLC and that Forney's address is # 2 Heritage Way, Oxford, AL, which is in Talladega County. An exhibit attached to Forney's mandamus petition in case no. 1090179 reveals that, on October 13, 2009, the address of the registered agent for the LLC (Forney) was changed from # 2 Heritage Way, Oxford, AL, to the physical address of the LLC, 2345 Highway 21 South, Oxford, AL, which is in Calhoun County.
[4] Forney filed a copy of the Calhoun Circuit Court's October 2, 2009, order in the Talladega Circuit Court.
[5] Forney's counsel, Christopher M. Hopkins, was present at the October 6, 2009, hearing.
[6] As noted, Ronda also contends that, under Ala.Code 1975, § 10-12-9, an LLC "does not come into legal existence" until its articles of organization are filed with the probate judge of the county in which the registered agent of the LLC is located; thus, Ronda says, because the articles of organization for the LLC were not filed in the county of Forney's residence (Talladega County) until September 30, 2009, this error somehow results in the Calhoun Circuit Court's being without jurisdiction over the LLC. However, having already concluded that the Talladega Circuit Court is the proper forum to resolve the disputes arising out of both actions, it is unnecessary to reach the merits of this issue.