Linda Schlick and Donald Schlick were married in November 1982. They had one child together. In October 1994, the wife sued for a divorce on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage.
After ore tenus proceedings in August 1995, the trial court entered a divorce, awarded the wife custody of the child, ordered the husband to pay child support in the amount of $343 a month, and divided the marital property. The wife appeals.
The record reveals that during the last few years of the marriage, the wife's income was between $24,000 and $27,000 and the husband's income was between $8,000 and $9,000. The wife was awarded the marital home, which had been partially paid for by $25,000 that the husband's parents had either lent or given the couple. The husband was awarded a house in Pensacola, Florida, his sailboat, and half of the account receivable from a $5,000 loan the couple had made to the wife's mother. This $2,500 could either be paid by the wife to the husband in a lump sum or at the rate of $100 a month for 25 months. The divorce judgment further provided that the husband could elect to deduct the $100 per month for the property settlement from the amount of child support he was obligated to pay for 25 months.
At the time of the divorce, the wife's mother was living in the marital home with the wife and the child. The divorce judgment provided that the wife's receipt of the marital home was contingent upon the removal of her mother from the home, among other things. Evidence was presented at trial that the wife's mother had slept with at least one man to whom she was not married, in the couple's home while the child was present. Additionally, the divorce judgment required the wife to install a separate telephone line in the child's room, at the wife's expense, and it set out specific times for the husband to be allowed to talk to the child on that telephone.
The wife first contends that the trial court abused its discretion in awarding the husband, as part of the division of property, $2,500 from the account receivable from the couple's loan of $5,000 to the wife's mother. The wife contends that there was insufficient evidence that such a loan existed.
The husband testified that the couple had lent $5,000 to the wife's mother, that the money had not been repaid, and that he was seeking half of that money as part of the division of marital property. The wife did not refute this testimony.
"It is well settled that the division of the marital property is within the sound discretion of the trial court."Alexander v. Alexander, 567 So.2d 353, 354 (Ala.Civ.App. 1990). "Furthermore, where, as here, the evidence was presented to the trial court ore tenus, this court will not reverse unless the [judgment of the] trial court was plainly or palpably wrong or unjust." Id. We cannot say that the trial court's award of $2,500 in property settlement to the husband was plainly or palpably wrong or unjust. Evidence was presented, and not refuted, that the couple had lent the wife's mother $5,000 and that it was a marital account receivable, subject to division as part of the marital estate.
Next, the wife contends that the trial court erred in ordering that the husband could elect to deduct $100 a month from his child-support obligation for 25 months to satisfy this division of marital property. She argues that this order amounts to a deviation from the child support guidelines established in Rule 32, Ala.R.Jud.Admin., without a written finding on the record, as required by Rule 32(A)(ii), that the application of the guidelines would be manifestly unjust or inequitable. We agree.
The trial court's order expressly states that the husband's child-support obligation of $343 a month was calculated in accordance with Rule 32. The trial court then went on to allow the husband to elect to reduce that amount by $100 per month for 25 months to satisfy a portion of the property division.
"A trial court may deviate from the application of the child support guidelines in Rule 32, Ala.R.Jud.Admin., only where there is a fair, written agreement between the parties setting child support, or where the trial court finds that application of the guidelines *Page 1178 
would be manifestly unjust or inequitable." Mitchell v. Kelley,628 So.2d 807, 809 (Ala.Civ.App. 1993). See also Flanagan v.Flanagan, 656 So.2d 1228 (Ala.Civ.App. 1995).
In Flanagan, this court held that the abatement of child support during standard visitation periods was a deviation from the child-support guidelines in Rule 32 and required a statement by the trial court of the reasons for the deviation. In this case, the reduction of the amount of the husband's child-support obligation for 25 months to effectuate a property division between the parties amounts to a deviation from the child-support guidelines without a finding by the trial court that application of the guidelines would be manifestly unjust or inequitable.
The husband argues that the trial court used an amount higher than his actual monthly income in computing his child-support obligation, and, therefore, that the amount of child support he would be paying after the $100 reduction for 25 months would actually be in line with the child support guidelines. However, the record reveals that the husband agreed to the amount of income to be imputed to him in determining his child-support obligation. Additionally, he did not cross-appeal regarding the amount of his child-support obligation.
We hold that the trial court erred in deviating from the child-support guidelines without a finding that application of the guidelines would be manifestly unjust or inequitable, by ordering that the husband could elect to reduce his child support obligation by $100 per month for 25 months to satisfy a portion of the parties' property division. We recognize and appreciate the trial court's attempt to effectuate an efficient arrangement for the exchange of the monies owed by each party — an arrangement that could actually be a benefit to both parties. However, in Alabama, a child's right to receive child support is so basic that that right must be maintained separately and distinctly from the right a parent might have to a property settlement in a divorce action.
Next, the wife contends that the trial court abused its discretion in ordering that she maintain a separate telephone line for the child to use to talk with the husband. She argues that this amounts to an improper award of alimony to the husband by requiring her to incur additional expenses.
However, we find that the trial court's order regarding the additional telephone line is actually a determination of the husband's visitation rights. The order sets out specific times during which the husband can talk to the child by telephone and requires that the mother provide the husband with access to the child by telephone.
It is well established that "[t]he trial court has broad discretion in deciding on visitation rights of the noncustodial parent." Flanagan, supra, at 1230. "When the issue of visitation is determined after oral proceedings, the trial court's determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error." Id. (citations omitted.) The record reveals that the wife routinely screened her telephone calls, purportedly for business purposes because she worked as a real estate agent, and would often not answer the telephone even if she and the child were at home. Additionally, the husband claimed at trial that his frequent telephone calls to the child were rarely returned. We cannot say that the trial court abused its discretion in ordering that the wife maintain a separate telephone line for the child for the purpose of effectuating the child's telephone visitation with the husband/father.
Finally, the wife contends that the trial court erred in providing that the award of the marital home to her was contingent upon her mother no longer residing in the home. However, the wife cites no authority for this argument, thereby inviting affirmance of this issue. Rule 28, Ala.R.App.P.;Harris v. Harris, 528 So.2d 866 (Ala.Civ.App. 1988).
That portion of the trial court's judgment allowing the husband to elect to deduct $100 per month from his child support obligation for 25 months to effectuate a part of the division of the parties' property is reversed because it is a deviation from the child-support guidelines without a finding that application *Page 1179 
of the guidelines would be manifestly unjust or inequitable. The remainder of the trial court's judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.
ROBERTSON, P.J., dissents.