HOLMES, Retired Appellate Judge.
In May 1997 the State filed a petition on behalf of Dona Jill Golden (mother), seeking a judgment against Robert N. Golden (father) for child support arrearage and an order requiring the father to pay child support based upon the child support guidelines.
The father filed an answer and a counter-petition, seeking a modification of the custody and visitation provisions of the divorce decree. The mother filed an answer and a counter-petition for contempt. We would note that the State filed a notice, stating that its representation of the mother encompassed only the issues of child support and maintenance.
In July 1997 the trial court held a hearing. In August 1997 the trial court issued an order, determining the child support arrear-age to be $1,954, plus interest, and ordering the father to pay the arrearage at the rate of $50 per week. The trial court also ordered the father to pay $50 per week in current child support. The order stated the following, in pertinent part: “This is a deviation from the child support guidelines due to the relative situation of the parties and the relationship between them.”
The State filed a post-judgment motion, which was denied.
The State appeals. The father did not favor this court with a brief on appeal.
The only issue raised by the State is whether the trial court abused its discretion when it failed either to follow the child support guidelines or to present a reasonable explanation, based upon the evidence, as to why the application of the child support guidelines would be manifestly unjust or inequitable.
Our review of the record reveals the following pertinent facts: In May 1990 the parties divorced. The divorce decree granted the mother custody of the parties’ two minor children, with visitation rights vested in the father. The divorce decree required the father to pay $400 per month in child support.
In July 1991 the trial court issued an order, relieving the father of his child support obligation, pending further orders of the trial court. The mother testified at the July 1997 hearing that her understanding of the July 1991 order was as follows: The father no longer had any visitation rights, and the mother no longer received any child support.
At the time of the July 1997 hearing, the parties’ older daughter was 24 years of *926 age, and their younger daughter was 14 years of age. The child support guidelines calculation form is a part of the record on appeal, and pursuant to the calculations on this form, the father should pay $415.80 per month for the support of his minor daughter.
The trial court’s August 1997 order does not indicate the amount of child support required by the guidelines, only that the trial court’s requirement that the father pay $50 per week in current child support “is a deviation from the child support guidelines due to the relative situation of the parties and the relationship between them.”
A trial court has the discretion to deviate from the child support guidelines in situations where it finds the application of the guidelines would be manifestly unjust or inequitable. Schlick v. Schlick, 678 So.2d 1176 (Ala.Civ.App.1996). However, if a trial court deviates from the guidelines, it must make findings of fact, based upon evidence before the court, which are sufficient to justify a deviation from the guidelines. Rule 32, Ala. R. Jud. Admin.
In light of the foregoing, we conclude that in the present case, the trial court failed to apply the child support guidelines and failed to make findings of fact sufficient to justify a deviation from the guidelines. Consequently, we must reverse the trial court’s judgment and remand the case to the trial court for the entry of an order which complies with the child support guidelines or, in the alternative, for the entry of an order with findings of fact sufficient to justify the trial court’s deviation from the guidelines.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J„ and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs specially.