MONROE, Judge,
concurring specially.
I agree that this cause should be remanded for the trial court to make more detailed findings of fact to justify its deviation from the child support guidelines. This is not to say, however, that I believe the trial court abused its discretion in departing from the guidelines. The parties have a 1991 judgment that, as they understood it, relieved the father from any further child support payments but also ended his visitation rights. In light of the circumstances involved in this case, the trial court’s assessment of child support appears to be just and equitable. However, to meet the requirement of the guidelines, see, e.g., Schlick v. Schlick, 678 So.2d 1176 (Ala.Civ.App.1996), the court needs to be more explicit in its explanation as to why it deviated from the guidelines rather than basing it on the ambiguous “relative situation of the parties and the relationship between them.”