THOMPSON, Presiding Judge.
 

 Larry Franklin Beverly (“the father”) and Helen Patricia S. Beverly (“the mother”) were divorced pursuant to a January 11, 2001, judgment of the trial court. The divorce judgment, which incorporated an agreement reached by the parties, provided in relevant part that the mother was awarded custody of the minor child of the marriage and that the father was to pay monthly child support. The child-support provision of the divorce judgment specifically noted that the parties’ child, whose date of birth is September 1, 1987, was “being treated for autism.” The divorce judgment further provided that the father’s child-support obligation would continue until the child reached the age of majority, married, or became self-supporting.
 

 In 2002, the mother filed a petition for a rule nisi, alleging that the father had failed to pay child support as required by the divorce judgment. On October 4, 2002, the trial court entered a judgment awarding the mother a judgment for a child-support arrearage. A later order indicated that the father had satisfied that ar-rearage judgment.
 

 On August 31, 2006, the mother initiated the current litigation when she filed a petition for a rule nisi in which she sought to have the father held in contempt for his failure to pay child support. In her August 31, 2006, petition, the mother also sought to modify the divorce judgment to require the father to pay postminority support for the child pursuant to
 
 Ex parte Brewington,
 
 445 So.2d 294 (Ala.1983).
 
 [1]
 
 References in the final judgment entered in this matter indicate that the father filed a “counter-complaint on petition for rule nisi and modification,” but that filing is not contained in the record on appeal.
 

 On May 14, 2008, the trial court entered a judgment ordering the father to pay $355 per month for the postminority support of the child and awarding the mother $1,500 toward her attorney fee.
 
 [2]
 
 The May
 
 *3
 
 14, 2008, judgment stated, in pertinent part:
 

 “Upon consideration of the pleadings, testimony, and exhibits presented at trial, the Court is of the opinion that the following Order should be entered. Accordingly, it is
 

 “ORDERED, ADJUDGED AND DECREED
 

 “1. That the child of the parties ... has been diagnosed with autism and said autism is a lifelong [sic], and will continue to exist throughout the child’s life. Due to his autism, the child is not now capable of earning an income that is sufficient to provide for his reasonable living expenses, and said child’s autism is the cause of his inability to earn that income. As a result, the child is now, and most likely will continue to be, a dependent child of the parties at a significant expense, both medically and educationally, pursuant to
 
 Ex parte Breiv-ington.
 
 The child is not self-supporting nor self-sustaining, and most likely will not be self-supporting or self-sustaining at any time in the foreseeable future.”
 

 The father filed a postjudgment motion. On July 17, 2008, the trial court entered an order in which it denied the father’s post-judgment motion. In its July 17, 2008, order, the trial court made the following factual findings regarding its ruling:
 

 “Evidence presented in Court showed that the child of the parties works a limited amount of time at a menial job. The witness who testified was not the child’s supervisor and he had limited information concerning the job or the duration of the job.
 

 “The child of the parties is adjudged by this Court, based on the evidence presented, to be so mentally disabled he cannot support himself. Further, this adult child is not capable of earning an income sufficient to provide for his reasonable living expenses because of this disability.
 

 “The Court finds that the needs of the child have increased, and the [father] is able to provide this support for the child. The Court also finds that it is extremely doubtful that the minor child will ever be capable of supporting himself.
 

 “The Court has taken into account the support that the child receives in Social Security benefits.
 

 “The [father] has a history of being in arrears in his obligations. At the time this case was filed in August of 2006, the [father] was in arrears. He continued to be in arrears until two months prior to the case being heard on April 30, 2008. For these reasons, the Court feels that an attorney fee award to the [mother] is appropriate.”
 

 On appeal, the father first argues that the evidence did not support the trial court’s judgment requiring him to pay postminority support for the benefit of the child. The evidence presented to the trial court appears to have been primarily in the form of documents and the arguments and the representations of the parties. The documentary evidence sets forth both parties’ income and expenses; the mother’s submission of her expenses indicates that the child resides with her. The documentary evidence tends to support the trial court’s determination that the father could continue to contribute toward the child’s support after the child reached the age of majority.
 

 In his brief on appeal, the father contends that the evidence indicates that the child was employed at the time of the hearing in this matter, and, therefore, ac
 
 *4
 
 cording to the father, the evidence does not support a finding that the child could not support himself. However, the trial court’s factual findings indicate that the child works a limited amount of time each week, that the child’s employment is menial, and that there was no evidence regarding the likely duration of that employment. The trial court’s factual findings support a determination that the child’s employment income, even together with his disability income, is not sufficient to provide for his support so as to render the child not to be in need of continued support under the authority of
 
 Ex parte Brewington,
 
 supra.
 

 Further, as the trial court’s judgment makes clear, the trial court received ore tenus evidence; the father contends that the only witness to testify was a representative of the child’s employer. The mother contends before this court that the parties agreed to submit documentary evidence rather than testimony to the trial court. Regardless, the record on appeal does not contain a transcript of the ore tenus hearing, and the father made no attempt to supply this court with a statement of the evidence pursuant to Rule 10(d), Ala. R.App. P. An appellate court is confined in its review to the appellate record, that record cannot be “changed, altered, or varied on appeal by statements in briefs of counsel,” and the court may not “assume error or presume the existence of facts as to which the record is silent.”
 
 Quick v. Burton,
 
 960 So.2d 678, 680-81 (Ala.Civ.App.2006). Accordingly, when, as in this case, “oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), A[la]. R. A[pp]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.”
 
 Rudolph v. Rudolph,
 
 586 So.2d 929, 930 (Ala.Civ.App.1991). Thus, the father has failed to demonstrate error with regard to his argument that the trial court’s judgment was not supported by the evidence.
 

 The father next argues that the “evidence” does not support the trial court’s child-support determination. As part of his argument, the father points out that the record does not demonstrate how the trial court reached its child-support award. Postminority support for a disabled adult child should be calculated pursuant to the Rule 32, Ala. R. Jud. Admin., child-support guidelines.
 
 Ex parte Cohen,
 
 763 So.2d 253, 256 (Ala.1999).
 

 In
 
 State ex rel. Golden v. Golden,
 
 710 So.2d 924 (Ala.Civ.App.1998), the trial court’s judgment ordered the father to pay $50 per week in child support, and it stated that, “due to the relative situation of the parties,” that child-support amount constituted a deviation from the child-support guidelines. This court reversed, concluding that the trial court had faded to apply the child-support guidelines and to make sufficient findings justifying a deviation from those guidelines. In so holding, this court stated:
 

 “A trial court has the discretion to deviate from the child support guidelines in situations where it finds the application of the guidelines would be manifestly unjust or inequitable.
 
 Schlick v. Schlick,
 
 678 So.2d 1176 (Ala.Civ.App. 1996). However, if a trial court deviates from the guidelines, it must make findings of fact, based upon evidence before the court, which are sufficient to justify a deviation from the guidelines. Rule 32, Ala. R. Jud. Admin.”
 

 State ex rel. Golden v. Golden,
 
 710 So.2d at 926.
 

 In this case, the findings contained in the trial court’s judgment and post-judgment order support a conclusion that the trial court intended to deviate from the
 
 *5
 
 child-support guidelines, which is a matter within the trial court’s discretion.
 
 State ex rel. Golden v. Golden,
 
 supra. However, the record does not demonstrate whether the trial court first applied the Rule 32 child-support guidelines in determining the father’s postminority-support obligation and then deviated from the amount recommended in those guidelines. Accordingly, we reverse that part of the trial court’s judgment pertaining to its determination of the amount of the father’s postminority-support obligation for the parties’ disabled adult child, and we “remand the case to the trial court for the entry of an order which complies with the child support guidelines or, in the alternative, for the entry of an order with findings of fact sufficient to justify the trial court’s deviation from the guidelines.”
 
 State ex rel. Golden v. Golden,
 
 710 So.2d at 926.
 

 The father also contends that the trial court erred in awarding the mother an attorney fee. The father cites § 30-2-54, Ala.Code 1975, which provides:
 

 “In all actions for divorce or for the recovery of alimony, maintenance or support in which a judgment of divorce has been issued or is pending
 
 and a contempt of court citation has been made by the court against either party,
 
 the court may, of its discretion, upon application therefor, award a reasonable sum as fees or compensation of the attorney or attorneys representing both parties.”
 

 (Emphasis added.)
 

 The trial court found that father had not paid his child-support obligation for extended periods but that he then paid all outstanding arrearages shortly before the final hearing; however, the trial court did not find the father in contempt with regard to the periods in which he had failed to contribute support for the child. The father contends that because the trial court did not find him in contempt, it could not award the mother an attorney fee in this matter.
 
 See
 
 § 30-2-54; and
 
 Sosebee v. Sosebee,
 
 896 So.2d 557, 564 (Ala.Civ. App.2004) (“We agree that § 30-2-54 precludes the award of an attorney fee ... in a contempt action when the trial court fails to make a finding of contempt .... ”). However, it is well settled that a trial court may award an attorney fee in a modification proceeding.
 
 Sosebee v. Sosebee,
 
 896 So.2d at 564;
 
 Baggett v. Baggett,
 
 870 So.2d 735, 741 (Ala.Civ.App.2003);
 
 Campbell v. Tolbert,
 
 656 So.2d 828, 830 (Ala.Civ.App. 1994); and
 
 Breazeale v. Hayes,
 
 489 So.2d 1111, 1113 (Ala.Civ.App.1986).
 

 In
 
 Deines v. Deines,
 
 424 So.2d 1334 (Ala.Civ.App.1983), the husband sought to modify the child-custody provision of the parties’ divorce judgment, and the wife counterclaimed alleging contempt based on the husband’s alleged failure to pay child support and alimony. In its judgment, the trial court, among other things, denied the husband’s petition to modify, entered a judgment for the wife awarding compensation for certain arrearages, and awarded the wife an attorney fee. The husband appealed the attorney-fee award. This court stated that an attorney fee could not be awarded in an enforcement proceeding in the absence of a contempt finding but that the trial court could award an attorney fee with regard to that part of the action pertaining to modification of the divorce judgment. 424 So.2d at 1335. However, because this court was unable to determine what portion of the attorney fee was permissible, i.e., attributable to the modification issues, we reversed the judgment and remanded the case for the trial court to determine the proper amount of the attorney fee. In doing so, this court noted:
 

 “The trial court’s only stated reason for granting the fee was the fact that the wife ‘recovered back alimony.’ It is not unusual for a judge or court to fail to
 
 *6
 
 specify each and every reason or justification for a particular finding or holding. As a matter of fact, usually no such ground or basis for the award of a fee is stated therein.”
 

 Deines v. Deines,
 
 424 So.2d at 1335-36.
 
 See also Sosebee v. Sosebee,
 
 896 So.2d at 564 (reversing the judgment as to the attorney-fee award and remanding the case for the trial court to consider whether, and to what extent, § 30-2-54 precluded the award of an attorney fee when the trial court did not specify the basis for its award of an attorney fee).
 

 In its May 14, 2008, judgment, the trial court did not specify the basis for its award of an attorney fee to the mother. In its postjudgment order, the trial court indicated that a portion of that fee might be attributable to the contempt or enforcement issue. However, that finding does not indicate that it was the only ground upon which the trial court based its attorney-fee award.
 
 See Deines v. Deines,
 
 424 So.2d at 1335 (“It is not unusual for a judge or court to fail to specify each and every reason or justification” for an award of an attorney fee.). Accordingly, we reverse the trial court’s judgment insofar as it awards the mother an attorney fee and remand the ease for the trial court to determine the appropriate attorney-fee award consistent with the principles set forth in this opinion.
 
 See Sosebee v. Sosebee,
 
 896 So.2d at 564.
 

 The mother is awarded an attorney fee on appeal in the amount of $1,000.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In
 
 Ex parte Brewington,
 
 our supreme court recognized an exception to the general rule that a court may not require a parent to support a child past the age of majority. Pursuant to that exception, a parent’s obligation of support may continue in those cases in which an adult child "is so mentally and/or physically disabled as to be unable to support himself.”
 
 Ex parte Brewington,
 
 445 So.2d at 296.
 

 [2]
 

 . The May 14, 2008, judgment does not mention the mother's claim seeking to recover a child-support arrearage. However, as indicated later in this opinion, the trial court's order denying the father's postjudgment motion states that the father had satisfied all past-due arrearages shortly before the hearing in this matter. Accordingly, we conclude that the mother would no longer have need to prosecute that claim, and, therefore, the May
 
 *3
 
 14, 2008, judgment constituted a final judgment capable of supporting this appeal.