BRYAN, Judge.
 

 Forney L. McMichael appeals from an order of the Talladega Circuit Court finding him in contempt. We affirm.
 

 In
 
 Ex parte McMichael,
 
 62 So.3d 465, 466-70 (Ala.2010), the supreme court recited the factual and procedural background of this appeal:
 

 “On August 14, 2009, Forney McMi-chael filed in the Calhoun Circuit Court a complaint for a divorce, seeking to terminate his marriage to Ronda McMi-chael. In the divorce complaint, Forney sought, among other things, a judgment awarding him ‘all right, title and interest’ in ‘MACS VACS LLC’ (‘the LLC’), a business located in Calhoun County. The parties own the LLC jointly with right of survivorship.
 

 “The Calhoun Circuit Court entered an ex parte temporary restraining order (‘the Calhoun TRO’). In the Calhoun TRO, the court found that ‘[Forney], and the assets subject to the jurisdiction of the Court, particularly [the] LLC, and the parties’ real property and homes ..., may suffer irreparable harm without the entry of this Order’ and ordered, in pertinent part:
 

 “ ‘1. That the parties be and are restrained from disposing, transferring, spending, giving away, or secreting any property, whether such property be real, personal, or mixed, tangible or intangible, which may be subject to the jurisdiction of the Court, including but not limited to money and other liquid financial assets, books and records of business and personal assets and liabilities,
 
 *680
 
 records and statements from banks and other financial institutions;
 

 “‘2. That the parties are not restrained from the payment of routine, reasonable, and necessary ordinary living and business expenses but each must maintain, or have maintained in legible form, written records of such expenditures, such records to be made available to the other party for copying upon request.’
 

 “On August 25, 2009, the Calhoun Circuit Court entered an order granting Ronda’s ‘motion to dismiss or transfer for improper venue’ and transferring the divorce action ‘in its entirety’ to the Talladega Circuit Court.
 

 “On August 26, 2009 — the day after the Calhoun Circuit Court transferred the divorce action to the Talladega Circuit Court — Forney filed a declaratory-judgment action in the Calhoun Circuit Court, contending that Ronda’s ‘disruptive behavior and actions, as well as her breaches of her member’s fiduciary duty, have caused the LLC ... damage[ ] to its operation and business.’ In the complaint, Forney sought ‘a declaration of the rights and duties of the parties under the LLC’s Articles of Organization, Operating Agreement, and the Limited Liability Company Act[, codified at Ala.Code 1975, § 10-12-1 et seq.].’ Specifically, Forney sought an order declaring, among other things, that he is the ‘sole manager’ of the LLC; that Ronda ‘is a member of the LLC, but not the Manager of [the LLC]’; and that ‘[Forney] and only [Forney] can take the necessary and appropriate action(s) to operate the LLC.’
 

 “On September 14, 2009, the Tallade-ga Circuit Court held a hearing on a motion filed by Ronda seeking to dissolve the Calhoun TRO. On September 28, 2009, the Talladega Circuit Court entered a consent order concerning various matters including matters regarding the LLC. In the consent order, the Talladega Circuit Court dissolved the Calhoun TRO; stated that Forney would ‘continue to be the Manager of [the] LLC, accompanied with the rights and duties as stated in the Operating Agreement of [the] LLC’; and stated that Ronda initially would assist with the preparation and filing of the LLC’s 2007 and 2008 federal and state tax returns and then ‘assume a role in the sales division of [the] LLC.’ The order further provided, in pertinent part:
 

 “ ‘2. The parties be and are restrained from disposing, transferring, spending, giving away, or secreting any property, whether such property be real, personal or mixed, tangible or intangible, which may be subject to the jurisdiction of the Court, including but not limited to money and other liquid financial assets, books and records of business and personal assets and liabilities, records and statements from banks and other financial institutions, pendente lite.
 

 “ ‘3. The parties are not restrained from the payment of routine, reasonable, and necessary ordinary living and business expenses but each must continue to maintain, or have maintained in legible form, written records of such expenditures, such records to be made available to the other party for copying upon request, pendente lite.’
 

 “On September 29, 2009, Ronda moved the Calhoun Circuit Court to dismiss or, in the alternative, stay the declaratory-judgment action (‘motion to dismiss’). In the motion to dismiss, Ronda noted that the Talladega Circuit Court had entered an order on September 28, 2009, ‘with respect to the operation of [the] LLC’ and contended that the declaratory-judgment action ‘is an attempt to circumvent the jurisdiction of
 
 *681
 
 the Talladega County Circuit Court, which has properly exercised jurisdiction over [the LLC].’ Ronda further contended that ‘both Courts cannot exercise jurisdiction of ... [the] LLC, and Tal-ladega [Circuit Court] has the sole jurisdiction on this matter’; thus, Ronda argued, ‘this [declaratory-judgment action] must be dismissed or at least stayed.’ The Calhoun Circuit Court entered an order denying Ronda’s motion to dismiss on September 30, 2009.
 

 “On October 1, 2009, the Calhoun Circuit Court held a hearing on a motion filed by Forney seeking a pendente lite order. On October 2, 2009, the Calhoun Circuit Court entered an order providing, in pertinent part, that Forney is the manager of the LLC, which, the court noted, ‘is consistent with the Order entered by consent in the parties’ divorce action [in the Talladega Circuit Court]’; that, as manager of the LLC, Forney has ‘the authority to allow [Ronda] on the LLC business premises ... and the authority to tell her she cannot come onto those premises or must leave those premises’; that Ronda’s duties in the LLC’s sales department ‘do[ ] not require her presence on the LLC’s premises’; and that Ronda ‘can come onto the business premises if invited by the Manager, and she must leave if directed to do so by the Manager.’
 

 “The Calhoun Circuit Court’s October 2, 2009, order also noted that, during the previous day’s hearing, it had denied Ronda’s oral motion to dismiss, in which she argued that ‘the LLC does not exist’ because, Ronda said, the LLC’s articles of organization were improperly filed with the Probate Judge of Calhoun County rather than with the Probate Judge of Talladega County, which is the county where the registered agent for the LLC, Forney, is located. In the order, the Calhoun Circuit Court stated:
 

 “ ‘The Court denied [Ronda’s] Motion to Dismiss. Ala.Code [1975,] § 10 — 12—12(a)[,] provides that an LLC’s Articles of Organization are to be delivered to the Probate Judge, and if the probate judge finds that the articles of organization conform to law, the probate judge shall, pursuant to Ala.Code [1975,] § 10-12-12(a)(l)[,] endorse on the articles of organization and on each of the copies the word “Filed” with the hour, day, month and year of filing, pursuant to Ala.Code [1975,] § 10-12-12(a)(2), file the Articles of Organization in the office of the probate judge and certify the two copies. Ala.Code [1975,] § 10-12-14(a)[,] provides that “[U]pon the filing of the articles of organization with the probate judge, the limited liability company’s existence shall begin.” Thus, if the articles are filed by the probate judge, the LLC exists. The Court has [not] found, nor has counsel cited the Court to, anything in the Limited Liability Act[,] Ala.Code [1975,] § 10-12-1 et seq.[,] that causes the LLC’s existence to cease, or not begin, if the organizers submit the wrong address for the registered office and registered agent. The statutory scheme requires scrutiny by the Probate Judge to see that the articles conform to law. If the Probate Judge fails to catch such an error, nevertheless the LLC’s existence begins when the Probate Judge stamps and files the Articles of Organization. Accordingly the Motion to Dismiss was denied. The Court also notes, in the alternative, that [Ronda] would be estopped to deny the LLC’s existence when she seeks the Court to appoint her to manage the LLC pendente lite, that the parties would be estopped by their operation as an LLC for years, that the parties had acquiesced to the fil
 
 *682
 
 ing in Calhoun County, that being within the city limits of Oxford, which itself is in Calhoun County, is a sufficient connection to Calhoun County, that numerous federal and state governmental entities have recognized the LLC’s existence, and that it would be chaotic for the Court to declare a nullity an asset that the parties are contesting in their Talladega County divorce. If the Talladega County Family/Circuit Court acquired jurisdiction over the LLC as marital property subject to distribution in a Judgment of Divorce, it would not be for this Court to declare that asset a nullity.’
 

 “On October 2, 2009, Ronda filed a petition for rule nisi in the Talladega Circuit Court, alleging that Forney had violated the terms of the Talladega Circuit Court’s September 28, 2009, consent order. Specifically, Ronda alleged that Forney had violated the consent order by ‘transferring] $100,000 from [an] ... LLC account and depositing] said monies into an account at a banking institution without [Ronda’s] consent’; by ‘instructing] [Ronda] not to come on the premises of [the] LLC’; and by attempting to have Ronda arrested ‘when she entered the [LLC’s] premises for work purposes.’ The petition requested, among other things, that the Talladega Circuit Court require Forney to appear and to show cause why he should not be found in contempt of the consent order.
 

 “On October 5, 2009, the Talladega Circuit Court entered an order setting Ronda’s petition for rule nisi for a hearing on October 6, 2009. Forney failed to appear for the hearing; he contends that he failed to appear because he did not receive proper notice of the hearing.
 
 [5]
 
 In any event, on October 8, 2009, the Talladega Circuit Court entered an order finding Forney in contempt of the September 28, 2009, consent order. Specifically, the Talladega Circuit Court found that Forney ‘willfully failed and refused to abide by this Court’s Order by withdrawing $100,000 from [the LLC’s] account at Region’s Bank’ and that Forney ‘willfully failed and refused to abide by this Court’s Order by instructing [Ronda] not to come onto the premises of [the LLC] on three (3) occasions ... and by seeking law enforcement intervention to enforce same.’
 

 “Forney moved the Talladega Circuit Court to vacate its October 8, 2009, order finding him in contempt of the consent order. In the motion, Forney argued, among other things, that the Talladega Circuit Court lacked subject-matter jurisdiction over the property of the LLC, and, thus, Forney argued, the court’s order finding him in contempt for transferring $100,000 from the LLC’s Regions Bank account is void. Specifically, Forney argued that the Talladega Circuit Court, while presiding over the divorce action, could not properly exercise subject-matter jurisdiction over the property of the LLC, i.e., the $100,000, because, For-ney said, the property of the LLC belongs not to its members (Forney and Ronda) but to the LLC itself. Forney claimed that the Talladega Circuit Court acquired subject-matter jurisdiction over the parties’ ‘membership interest[s]’ in the LLC but not over the property of the LLC. In support of his argument, Forney cited Ala.Code 1975, § 10-12-23(b), which provides:
 

 “‘All property originally contributed to the limited liability company or subsequently acquired by a limited liability company by purchase or otherwise is limited liability company property. A member has no interest in specific limited liability company property.’
 

 
 *683
 
 “Relying on § 10-12-23(b), Forney contended that the Talladega Circuit Court’s consent order ‘could not reach’ the property of the LLC. For all that appears, Forney’s motion to vacate the Talladega Circuit Court’s October 8, 2009, order finding him in contempt of the consent order was denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P.
 

 “On October 9, 2009, Ronda filed in the Calhoun Circuit Court a motion for a change of venue, seeking a transfer of the declaratory-judgment action from the Calhoun Circuit Court to the Tal-ladega Circuit Court; it appears that the Calhoun Circuit Court did not rule on that motion.
 

 “The parties filed respective petitions for writs of mandamus in the Court of Civil Appeals; the Court of Civil Appeals transferred the petitions to this Court for lack of subject-matter jurisdiction. This Court stayed all proceedings in both the Calhoun Circuit Court and the Talladega Circuit Court pending resolutions of these petitions....
 

 (Some footnotes omitted.)
 

 The supreme court proceeded in
 
 Ex parte McMichael
 
 to decide the merits of Ronda’s mandamus petition and to transfer Forney’s mandamus petition to this court. With respect to Ronda’s mandamus petition, the supreme court stated:
 

 “Ronda presents two issues in her petition for a writ of mandamus. First, she contends that this Court should issue the writ and direct the Calhoun Circuit Court to rescind all orders regarding the operation of the LLC, to make no further orders regarding its operation, and to dismiss the action pending in that court or stay the proceeding there pending resolution of the divorce action in the Talladega Circuit Court. Specifically, Ronda contends that, ‘[sjince the Talladega [Circuit] Court has the powers to enter orders regarding the assets of the parties to the divorce action, then it should also enter such orders over the parties’ LLC, and not the Calhoun Circuit Court.’ Second, Ronda contends that, under Ala.Code 1975, § 10-12-9, an LLC ‘does not come into legal existence’ until its articles of organization are filed with the probate judge of the county in which the registered agent of the LLC is located; thus, Ronda says, because the LLC’s articles of organization were not filed in the county of Forney’s residence (Talladega County) until September 30, 2009 ..., the Calhoun Circuit Court may not exercise jurisdiction over the LLC.
 

 [[Image here]]
 

 “At the outset, we note that there is no dispute as to the Talladega Circuit Court’s subject-matter jurisdiction over the divorce action or as to the Calhoun Circuit Court’s subject-matter jurisdiction over the declaratory-judgment action. Rather, the threshold issue for this Court’s consideration is whether Forney may simultaneously maintain the divorce action in the Talladega Circuit Court and the subsequently filed declaratory-judgment action in the Calhoun Circuit Court. Ronda contends in her mandamus petition, as she did in her motion to dismiss the declaratory-judgment action, that the Talladega Circuit Court, which was the first of the two courts to assume jurisdiction over these issues, is the proper forum in which to resolve both the divorce action and the issues raised in the declaratory-judgment action, i.e., the parties’ dispute concerning the management and operation of the LLC. We agree.
 

 
 *684
 
 “In
 
 Ex parte Liberty National Life Insurance Co.,
 
 631 So.2d 865 (Ala.1993), this Court stated:
 

 “ ‘ “It is uniformly held that where two or more courts have concurrent jurisdiction, the one which first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgment or decrees....
 

 “ ‘ “... ‘It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of coordinate authority is at liberty to interfere with its action.... ’
 

 “ ‘ . ‘All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction, in order to prevent conflicts, and to preserve in harmony their relations to each other.’ ”
 

 “
 
 ‘Ex parte Burch,
 
 236 Ala. 662, 665, 184 So. 694, 697 (1938).
 

 “‘These principles have been restated numerous times:
 

 “ ‘ “[WJhere two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction.”
 

 “‘Ex parte State ex rel. Ussery,
 
 285 Ala. 279, 281, 231 So.2d 314, 315 (1970)....’
 

 “631 So.2d at 867.
 

 “In this case, the concurrent exercise of jurisdiction by the Talladega Circuit Court and the Calhoun Circuit Court has resulted in inconsistent orders. The Calhoun Circuit Court’s October 2, 2009, order provides that Forney is the manager of the LLC and, as the manager, that Forney may, among other things, refuse Ronda entry onto the premises of the LLC and order her to leave those premises. The Talladega Circuit Court’s September 28, 2009, consent order also provides that Forney is the manager of the LLC; however, it does not authorize Forney to make decisions regarding if and when Ronda may enter upon the premises of the LLC. As a result, Forney has been found to be in contempt of the consent order for, among other things, instructing Ronda not to come upon the premises of the LLC; however, under the Calhoun Circuit Court’s October 2, 2009, order, it is permissible for Forney to exclude Ronda from the premises of the LLC. This is the very type of conflict the principle set forth in the above-quoted authorities seeks to avoid.
 
 See Ex parte Liberty Nat’l Life Ins. Co.,
 
 631 So.2d at 867 (‘ “ ‘All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction,
 
 in order to prevent
 
 conflicts....”” (quoting
 
 Ex parte Burch,
 
 236 Ala. at 665, 184 So. at 697 (emphasis added))).
 

 “We conclude that, because the Tal-ladega Circuit Court initially exercised jurisdiction over the parties and them property in the divorce action, it must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals; thus, the Calhoun Circuit Court erred in denying Ronda’s motion to dismiss insofar as it denied the alternative relief requested in the motion, namely, an order staying the declaratory-judgment action pending resolution of the divorce action in the Talladega Circuit Court.
 
 See Ex parte
 
 
 *685
 

 Liberty Nat’l Life Ins. Co., supra; see also Ex parte Murphy,
 
 886 So.2d 90, 94 (Ala.2003) C “It must be recognized ... that
 
 all matters related to a marriage
 
 may come within the authority of the court sitting in equity when the parties submit themselves to its jurisdiction by the filing of a suit for divorce.” ’ (quoting
 
 Oliver v. Oliver,
 
 431 So.2d 1271, 1276 (Ala.Civ.App.1983), citing in turn
 
 Owens v. Owens,
 
 281 Ala. 239, 201 So.2d 396 (1967) (emphasis added))).
 

 “Accordingly, Ronda’s [mandamus] petition ... is due to be granted as to this issue.”
 

 62 So.3d at 470-72.
 

 The supreme court held that it did not have jurisdiction to review Forney’s mandamus petition, transferred that mandamus petition to this court, and held that we should treat that mandamus petition as a timely filed appeal. 62 So.3d at 473. As the supreme court stated in
 
 Ex parte McMichael:
 

 “Forney presents seven issues in his mandamus petition; those issues can be combined into the following two issues: (1) Whether the Talladega Circuit Court had subject-matter jurisdiction over the property of the LLC such that it could properly find Forney in contempt of its September 28, 2009, consent order for, among other things, transferring $100,000 from an LLC bank account; and (2) if the Talladega Circuit Court did have subject-matter jurisdiction over the property of the LLC, whether the court erred by finding Forney in contempt of that court’s September 28, 2009, consent order.”
 

 62 So.3d at 471.
 

 With respect to the first issue, we conclude that the Talladega Circuit Court had subject-matter jurisdiction to find For-ney in contempt for violating its September 28, 2009, consent order. In adjudicating Ronda’s mandamus petition in
 
 Ex parte McMichael,
 
 the supreme court expressly held that the Talladega Circuit Court had subject-matter jurisdiction over the LLC:
 

 “Ronda contends in her mandamus petition, as she did in her motion to dismiss the declaratory-judgment action, that the Talladega Circuit Court, which was the first of the two courts to assume jurisdiction over [the issues raised in the declaratory-judgment action], is the proper forum in which to resolve both the divorce action and the issues raised in the declaratory-judgment action, i.e., the parties’ dispute concerning the management and operation of the LLC. We agree.”
 

 62 So.3d at 471. Moreover, the supreme court implicitly held that the Talladega Circuit Court’s September 28, 2009, consent order was a lawful order:
 

 “In this case, the concurrent exercise of jurisdiction by the Talladega Circuit Court and the Calhoun Circuit Court has resulted in inconsistent orders. The Calhoun Circuit Court’s October 2, 2009, order provides that Forney is the manager of the LLC and, as the manager, that Forney may, among other things, refuse Ronda entry onto the premises of the LLC and order her to leave those premises. The Talladega Circuit Court’s September 28, 2009, consent order also provides that Forney is the manager of the LLC; however, it does not authorize Forney to make decisions regarding if and when Ronda may enter upon the premises of the LLC. As a result, Forney has been found to be in contempt of the consent order for, among other things, instructing Ronda not to come upon the premises of the LLC; however, under the Calhoun Circuit Court’s October 2, 2009, order, it is permissible for Forney to exclude Ronda from the premises of the LLC. This is
 
 *686
 
 the very type of conflict the principle set forth in the above-quoted authorities seeks to avoid.
 
 See Ex parte Liberty Nat’l Life Ins. Co.,
 
 631 So.2d at 867 (‘ “ ‘All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction,
 
 in order to prevent
 
 conflicts(quoting
 
 Ex parte Burch,
 
 236 Ala. at 665, 184 So. at 697 (emphasis added))).
 

 “We conclude that, because the Tal-ladega Circuit Court initially exercised jurisdiction over the parties and their property in the divorce action, it must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals.... ”
 

 62 So.3d at 472. We are bound by those holdings of the supreme court.
 
 See
 
 § 12-3-16, Ala.Code 1975 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals .... ”). Because the Talladega Circuit Court had subject-matter jurisdiction over the LLC, its September 28, 2009, consent order was a lawful order and the Talladega Circuit Court had the inherent power to find Forney in contempt for violating that order.
 
 See Hall v. Hall,
 
 485 So.2d 747, 749 (Ala.Civ.App.1986) (“As part of its inherent power, a court of record may punish for contemptuous failure to abide by its lawful orders.”). Therefore, the Talladega Circuit Court had subject-matter jurisdiction to find Forney in contempt for violating its September 28, 2009, consent order.
 

 With respect to the issue whether the Talladega Circuit Court erred by finding Forney in contempt for violating that court’s September 28, 2009, consent order, Forney first argues that he was denied due process because, he says, Ronda’s petition for a rule nisi initiated a new proceeding that was separate and independent from the divorce action and, therefore, required that he be personally served with a summons and a copy of the petition in accordance with Rule 4(c)(1), Ala. R. Civ. P., before the Talladega Circuit Court held a hearing regarding that petition. However, in
 
 Decker v. Decker,
 
 984 So.2d 1216, 1220 (Ala.Civ.App.2007), this court held that the filing of a contempt petition seeking a finding of constructive contempt
 
 [1]
 
 based on an alleged violation of an interlocutory order (as opposed to an alleged violation of a final judgment) does not initiate a new proceeding that is separate and independent from the one in which the trial court entered the interlocutory order on which the contempt petition is based. Therefore, Forney’s argument that Ronda’s filing of her petition for a rule nisi initiated a new proceeding that was separate and independent from the divorce action has no merit.
 

 Moreover, because the filing of Ronda’s petition for a rule nisi did not initiate a new proceeding, Rule 5(b), Ala. R. Civ. P., governed service on Forney of Ronda’s petition and the order setting that petition for a hearing. In pertinent part, Rule 5(b) provides:
 

 “Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney
 
 *687
 
 unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made ... by mailing it to the attorney or party at the attorney’s or party’s last known address .... Service by mail is complete upon mailing.”
 

 It is undisputed that Ronda’s petition was served on Forney’s attorneys by mail on October 2, 2009. Accordingly, there is no merit to Forney’s argument that he was denied due process because he was not personally served with a summons and a copy of the petition in accordance with Rule 4(c)(1) before the Talladega Circuit Court held a hearing regarding that petition on October 6, 2009.
 

 Forney also argues that he was denied due process because he did not receive notice of the October 6, 2009, hearing regarding Ronda’s petition for a rule nisi. However, it is undisputed that his attorneys received notice of that hearing and that one of his attorneys attended that hearing. In
 
 Edwards v. Edwards,
 
 [Ms. 2081138, Aug. 6, 2010] - So.3d -, -(Ala.Civ.App.2010), this court stated:
 

 “[N]otice of a trial date given to a party’s attorney is generally accepted to constitute notice of the trial date to the party.
 
 See Shirley v. McDonald,
 
 220 Ala. 50, 53, 124 So. 104, 106 (1929) (‘[CJounsel’s knowledge ... of the date of trial, must be imputed to [the] defendant as a matter of law....’);
 
 Anderson v. Anderson,
 
 250 Ala. 427, 430, 34 So.2d 585, 587 (1948) (when the plaintiff’s attorney had notice of all the proceedings, our supreme court concluded that the plaintiff also had notice of the proceedings); and
 
 Ex parte Cox,
 
 253 Ala. 647, 650, 46 So.2d 417, 420 (1950) (‘It is thoroughly well established that [the] defendant’s ignorance of the date of trial or of the order of the court as to the definite time for disposing of the case is not a proper ground for a new trial, particularly where [the] defendant’s attorney of record was informed by the court or clerk as to the time set for its disposition.’).
 
 See also Sanders v. Flournoy,
 
 640 So.2d 933, 939 (Ala.1994) (‘Knowledge of the attorney will be imputed to the client if the knowledge comes to the attorney while engaged in a service for the client after the attorney-client relationship has commenced.’). It was undisputed that the mother’s attorney had received notice of the time and date of the hearing and that the mother’s attorney was present for that hearing. Applying those general principles of law to the present case, we cannot conclude that the mother did not receive adequate notice of the time and date of the hearing.”
 

 Thus, in the case now before us, we cannot reverse the October 8, 2009, order of the Talladega Circuit Court finding For-ney in contempt on the ground that For-ney did not receive notice of the hearing regarding Ronda’s petition for a rule nisi because it is undisputed that his attorneys received notice of that hearing and that one of those attorneys appeared at that hearing.
 
 See Edwards.
 

 Forney also argues that he was denied due process because, he says, (1) the October 5, 2009, order setting a hearing on Ronda’s petition for a rule nisi did not inform him that he was subject to incarceration if he was found in contempt and (2) the Talladega Circuit Court did not afford his attorneys sufficient time to prepare and present his defense to the allegations in Ronda’s petition. However, Forney has not cited any legal authority supporting those arguments.
 

 “It is well settled that ‘ “[w]here an appellant fails to cite any authority for an argument, this Court may affirm the judgment as to those issues, for it is neither this Court’s duty nor its function
 
 *688
 
 to perform all the legal research for an appellant.” ’
 
 Spradlin v. Birmingham Airport Auth.,
 
 613 So.2d 347, 348 (Ala.1993) (quoting
 
 Sea Calm Shipping Co., S.A. v. Cooks,
 
 565 So.2d 212, 216 (Ala.1990)).”
 

 Mantiply v. Mantiply,
 
 951 So.2d 638, 653 (Ala.2006). Therefore, we decline to reverse the Talladega Circuit Court’s October 8, 2009, order finding Forney in contempt on the grounds that the October 5, 2009, order setting a hearing on Ronda’s petition for a rule nisi did not inform him that he was subject to incarceration if he was found in contempt and that the Tal-ladega Circuit Court did not afford his attorneys sufficient time to prepare and present his defense to the allegations in Ronda’s petition.
 
 See Mantiply.
 

 Forney also argues that the Talladega Circuit Court erred in finding him in contempt because, he says, paragraphs 4 and 5 of its October 8, 2009, order finding him in contempt are not supported by the evidence. In paragraphs 4 and 5, the Tal-ladega Circuit Court found:
 

 “4. That [Forney] has willfully failed and refused to abide by this Court’s Order by withdrawing $100,000.00 from a Mac’s Vacs, LLC account at Region’s Bank. The whereabouts of said money is not known, as no evidentiary proof was introduced by [Forney] regarding this transaction which would indicate the location of the funds. The Court finds that said withdrawal was not for routine, reasonable and necessary business expenses.
 

 “5. That [Forney] has willfully failed and refused to abide by this Court’s Order by instructing [Ronda] not to come onto the premises of Mac’s Vacs, LLC, ... on three (3) occasions by and through counsel, and by seeking law enforcement intervention to enforce same. This Court’s Order eliminated the provision of the Calhoun [Circuit Court] order of August 14, 2009, expressly prohibiting [Ronda] from entering said premises; and [Forney] has no right to prevent the owner of said property, being [Ronda], from entering the premises pursuant to his title as Manager.”
 

 However, the record before us does not contain either a transcript of the ore tenus evidence the Talladega Circuit Court received at the October 6, 2009, hearing on Ronda’s petition for a rule nisi or a statement of that evidence pursuant to Rule 10(d), Ala. RApp. P.
 

 “An appellate court is confined in its review to the appellate record, that record cannot be ‘changed, altered, or varied on appeal by statements in briefs of counsel,’ and the court may not ‘assume error or presume the existence of facts as to which the record is silent.’
 
 Quick v. Burton,
 
 960 So.2d 678, 680-81 (Ala.Civ.App.2006). Accordingly, when, as in this case, ‘oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule' 10(d), A[la]. R. A[pp]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.’
 
 Rudolph v. Rudolph,
 
 586 So.2d 929, 930 (Ala.Civ.App.1991).”
 

 Beverly v. Beverly,
 
 28 So.3d 1, 4 (Ala.Civ.App.2009). Thus, in the case now before us, because the record does not contain either a transcript of the ore tenus evidence the Talladega Circuit Court received at the October 6, 2009, hearing regarding Ronda’s petition for a rule nisi or a Rule 10(d) statement of that evidence, we must conclusively presume that that evidence was sufficient to support the findings in paragraphs 4 and 5.
 

 Finally, Forney argues that the Tallade-ga Circuit Court erred in finding him in contempt because, he says, the Talladega
 
 *689
 
 Circuit Court lacked subject-matter jurisdiction over the LLC. However, we have already explained above why that argument has no merit.
 

 Accordingly, we affirm the October 8, 2009, order of the Talladega Circuit Court finding Forney in contempt.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [5]
 

 " 5 Forney’s counsel, Christopher M. Hopkins, was present at the October 6, 2009, hearing.”
 

 [1]
 

 . Rule 70A(a)(2)(B), Ala. R. Civ. P., states that " '[c]onstructive contempt’ means any criminal or civil contempt other than a direct contempt.” Rule 70A(a)(2)(A), Ala. R. Civ. P., states:
 

 " 'Direct contempt’ means disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, that disturbs the court’s business, where all of the essential elements of the misconduct occur in the presence of the court and are actually observed by the court, and where immediate action is essential to prevent diminution of the court’s dignity and authority before the public.”