THOMAS, Judge.
Donald White (“the husband”) and Phyllis White (“the wife”) were married on August 4, 2007. On December 5, 2011, the wife filed a complaint in the Jefferson Circuit Court seeking a divorce, a division of the marital assets and debts, and an award of attorney fees. There are no children of the marriage.
On December 12, 2011, the wife filed a petition in the circuit court seeking a protection-from-abuse (“PFA”) order pursuant to Ala.Code 1975, § 30-5-1 et seq., alleging that the husband had restrained her, had injured her, and had made her afraid that he would injure her again. She requested an order requiring the husband to move out of the marital residence and to stay away from the marital residence, prohibiting the husband from disposing of her personal property, and awarding attorney fees.
On December 15, 2011, the circuit court issued an ex parte PFA order forbidding the husband from having any contact with the wife and from disposing of the wife’s personal property. It ordered the husband to move out of the marital residence and to stay away from the marital residence and the wife’s place of employment. In an amended order, the circuit court required the husband to surrender his firearm to the police. A hearing on the wife’s PFA petition was scheduled for January 3, 2012, after which the circuit court entered a temporary order on January 6, 2012, extending the PFA order pending the entry of further orders of the circuit court.
Apparently, another hearing on the PFA petition was held on January 25, 2012, because, on February 7, 2012, the circuit court entered a second temporary order, in which it ordered that the PFA order remained in effect pending the entry of further orders of the circuit court. The February 7, 2012, PFA order included the circuit court’s finding that “[the husband] became disruptive in the Courtroom, and acted in a threatening manner toward [the wife] and the Court’s bailiff.”
After one continuance, the trial in this matter began on May 30, 2012; however, the circuit court’s order, entered that same day, reveals that the husband had informed the court that he became ill after the trial began and that an ambulance was called to transport the husband to a hospital. The circuit court’s order required that if the husband was released from the hospital that same day, he was to immediately return to the circuit court and, if not, that the trial would resume on June 6, 2012.
The trial resumed on June 6, 2012, at which time the husband appeared pro se. There is no transcript of the trial; however, on June 15, 2012, the circuit court entered a judgment divorcing the parties, ordering that the PFA order remain in effect, and dividing the marital assets and debts.[1] That same day, the circuit court *736 entered a contempt judgment against the husband, which provides, in pertinent part:
“1. That the [husband] is held in direct contempt of Court for his behavior during two trial settings. Testimony in Open Court was that the [husband] had every intention of coming into Court to defame this Judge, demand the Court’s recusal, and delay these proceedings for as long as possible.
“2. The [husband] refused to sit down in Open Court, and refused to participate in the trial of this matter.
“3. During the previous trial setting on January 25, 2012, the [husband] left the witness stand and stomped out of the Court, refusing to answer questions.
“4. The [husband] was disrespectful, belligerent, and defiant in Open Court on both occasions.
“5. The [husband] is sentenced to imprisonment in the Jefferson County Jail for 10 days which represents five days for the two occasions in which he exhibited a total lack of respect for this Court and the proceedings.
“6. The Sheriff of Jefferson County is directed to serve a copy of this Order upon the [husband,] and take him into custody forthwith.
“7 The Sheriff of Jefferson County is directed to release the [husband] when he has served his ten-day sentence.
“8. The Sheriff of Jefferson County is further ordered to submit a cost bill to the Clerk of this Court for the [husband]’s incarceration, and [husband] shall be responsible for payment of all such costs.”
(Emphasis added.)
The husband did not file a postjudgment motion. He timely appealed to this court on July 26, 2012, seeking this court’s review of three issues: whether the circuit court erred by failing to grant his request for a continuance at the start of the trial on June 6, 2012, whether the circuit court erred by resuming the June 6, 2012 trial, in the husband’s absence after the circuit court held him in direct contempt and placed him in the bailiffs custody, and whether the circuit court erred by holding the husband in direct contempt for his behavior in court on January 25, 2012.
The majority of the argument and recitation of the “facts” in the husband’s brief to this court is founded upon assertions included in his affidavit, which is appended to his brief; however, we are precluded from considering the husband’s affidavit that is not part of the record. See Goree v. Shirley, 765 So.2d 661, 662 (Ala.Civ.App.2000) (explaining that a record on appeal cannot be supplemented or enlarged by the attachment of an appendix to an appellant’s brief). Furthermore, as the wife points out, the record does not contain a transcript of the ore tenus evidence presented at the June 6, 2012, trial or a statement of the evidence presented at trial, pursuant to Rule 10(d), Ala. R.App. P.[2]
*737 “ ‘An appellate court is confined in its review to the appellate record, that record cannot be “changed, altered, or varied on appeal by statements in briefs of counsel,” and the court may not “assume error or presume the existence of facts as to which the record is silent.” Quick v. Burton, 960 So.2d 678, 680-81 (Ala.Civ.App.2006). Accordingly, when, as in this case, “oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), A[la]. R. A[pp]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.” Rudolph v. Rudolph, 586 So.2d 929, 980 (Ala.Civ.App.1991).’
“Beverly v. Beverly, 28 So.3d 1, 4 (Ala.Civ.App.2009).”
McMichael v. McMichael, 71 So.3d 678, 688 (Ala.Civ.App.2011). Thus, there is no evidence in the record indicating that the husband requested a continuance at the beginning of the June 6, 2012, trial or, if he did, the reason for such a request. Furthermore, there is no evidence in the record indicating that the circuit court placed the husband in the custody of a bailiff and completed the June 6, 2012, trial in the husband’s absence.
“‘“An appellate court does not presume error; the appellant has the affirmative duty of showing error. Perkins v. Perkins, 465 So.2d 414 (Ala.Civ.App.1984). Appellate review is limited to the record and cannot be altered by statements in briefs. Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala.1984). Error asserted on appeal must be affirmatively demonstrated by the record. If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala.Civ.App.1981).”
“ ‘Greer v. Greer, 624 So.2d 1076, 1077 (Ala.Civ.App.1993).’
“Dudley v. Dudley, 85 So.3d 1043, 1048 (Ala.Civ.App.2011).”
McCaw v. Shoemaker, 101 So.3d 787, 793 (Ala.Civ.App.2012). The record does not support the husband’s assertions in his appellate brief that, at the June 6, 2012, trial he had requested a continuance, that the circuit court had denied such a request, or that the circuit court resumed the June 6, 2012, trial after the husband was held in direct contempt and removed from the proceeding. Thus, the husband has failed to demonstrate error to this court regarding those issues; therefore, the judgment of divorce is affirmed.
However, the record supports the conclusion that the circuit court erred insofar as it held the husband in direct contempt for his behavior in court on January 25, 2012. Rule 70A(a)(2)(A), Ala. R. Civ. P., defines “direct contempt” as
“disorderly or insolent behavior or other misconduct committed in open court, in the presence of the judge, that disturbs the court’s business, where all of the essential elements of the misconduct occur in the presence of the court and are actually observed by the court, and *738 where immediate action is essential to prevent diminution of the court’s dignity and authority before the public.”
Upon its finding of direct contempt, a court must immediately notify the contem-nor of its finding and prepare, sign, and enter an order that includes a description of the conduct observed. See Rule 70A(b)(l). The contemnor must have a reasonable opportunity to present evidence that would excuse or mitigate his or her behavior. See Rule 70A(b)(2). Furthermore, a court must pronounce its sentence either immediately or within seven days of the completion of the proceeding out of which the contempt arose. See Rule 70A(b)(3).
On June 15, 2012, the circuit court entered its judgment that, in part, found the husband in direct contempt due to his behavior at the January 25, 2012, proceeding. The record does not support a determination that the circuit court notified the husband of its finding of contempt immediately or within seven days of January 25, 2012. Instead, the record demonstrates that the husband’s sentence of five days’ imprisonment in the county jail for his conduct at the January 25, 2012, proceeding was imposed on June 15, 2012, which is more than seven days after the January 25, 2012, proceeding. Therefore, we reverse the June 6, 2012, contempt judgment insofar as it held the husband in direct contempt for his behavior at the January 25, 2012, proceeding and remand the cause to the circuit court with instructions to vacate that portion of its June 15, 2012, contempt judgment.[3]
JUDGMENT OF DIVORCE AFFIRMED; JUDGMENT OF CONTEMPT REVERSED IN PART; AND CAUSE REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The wife received the marital residence, four vehicles, and any assets and debts that were in her name. The husband received any assets and debts that were in his name. The circuit court awarded the wife $8,678 in attorney fees. The issue of alimony was reserved for future consideration. To the extent that the husband contests the property division in the divorce judgment, we cannot conclude that the evidence included in the record *736 supports a reversal of that aspect of the divorce judgment. The husband makes a brief assertion that the property division is inequitable; however, he does not develop an argument as to that issue. Instead, he focuses his arguments concerning the propriety of the divorce judgment on the contention that he was not afforded due process because he acted pro se at the June 6, 2012, trial and was "removed” and "incarcerated” before he could offer his testimony. This court does not presume error, and there is no evidence in the record indicating that the husband's assertions in his brief are accurate. See discussion infra.

. Rule 10(d), Ala. R.App. P., entitled "Statement of the Evidence or Proceedings When No Report Was Made or When a Transcript Is Unavailable,” provides, in pertinent part:
*737 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection.... The statement, either as approved by the court or as issued by the court after its ruling, shall be filed with the clerk of the trial court, who shall include it in the record on appeal."

. In his reply brief, the husband responds to the wife’s assertion that the contempt issue is moot by asserting that the contempt issue is not moot because he has been "directed to pay a fine” as a part of the sentence imposed for his contemptuous behavior at the January 25, 2012, proceeding. We agree with the husband that the contempt issue is not moot for that reason. Additionally, although the husband has failed to raise an issue regarding the amount of the "fine” on appeal, we note that there is no provision empowering a court of this state to require a contemnor to pay the cost of his or her incarceration; rather, a court may punish a contemnor with a fine of no more than $100 for each instance of contempt. See Ala.Code 1975, § 12-11-30(5).